■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYNARD METTS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Juviler, J.), rendered December 11, 1989, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The defendant's contention that the testimony of the People's witnesses who identified him was incredible as a matter of law because they each had a motive to lie and because one of them had previously given perjured testimony before the Grand Jury in an unrelated case is without merit. Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily matters for the jury to determine *(see, People v Gaimari,* 176 NY

84). Its determination is to be accorded great deference on appeal and should not be disturbed unless it is clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

The defendant also claims that the court erred in failing to hold a hearing to determine whether a witness who did not testify at trial would have provided exculpatory evidence. However, inasmuch as the defendant failed to request such a hearing and, in fact, agreed to the instruction that the court proposed be read to the jury concerning that witness's potential testimony, his claim has not been preserved for appellate review (see, CPL 470.05 [2]; People v Jones, 81 AD2d 22, 41-42).

Contrary to the defendant's assertion, we find that the sentence imposed was not excessive (see, People v Suitte, 90 AD2d 80).

We have reviewed the defendant's remaining contentions, including those raised in his supplemental pro se brief, and find them to be without merit. Mangano, P. J., Bracken, Balletta and O'Brien, JJ., concur.