■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SERGIO BEJARANO, Appellant. [732 NYS2d 253] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Dunlop, J.), rendered June 16, 2000, convicting him of criminal possession of a controlled substance in the third degree (two counts), criminal possession of a controlled substance in the fourth degree, aggravated unlicensed motor vehicle operation in the third degree, and unlawfully operating or driving a motor vehicle on a public highway, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were, *inter alia,* to suppress physical evidence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the hearing court properly found that the police had probable cause to arrest him by blocking his car when he arrived at a pre-arranged location to effectuate a drug sale, and to conduct a search of the car and containers therein, concealing 102 packets of cocaine, based on hearsay information provided by an informant. The hearing testimony demonstrated that the informant disclosed a sufficient basis for his knowledge and that the informant was reliable (*see, Spinelli v United States,* 393 US 410; *Aguilar v Texas,* 378 US 108; *People v Hetrick,* 80 NY2d 344, 348; *People v DiFalco,* 80 NY2d 693, 696; *People v Jean-Charles,* 226 AD2d 395).

The defendant's contention that the Supreme Court improperly considered prior uncharged drug sales in sentencing him is without merit. "It was within the court's discretion to consider the defendant's prior criminal history, including crimes for which he has never been tried or convicted * * * as long as the information regarding such crimes was reliable and accurate" (*People v Gonzalez,* 242 AD2d 306, 307). Nor were the sentencing proceedings so permeated with improper

considerations and prejudicial references as to deprive the defendant of due process of law (*cf., People v Villanueva,* 144 AD2d 285). The sentence imposed was not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Santucci, J. P., Goldstein, Townes and Cozier, JJ., concur.