■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES BUTLER, Appellant. [780 NYS2d 378]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Feldman, J.), rendered April 30, 2002, convicting him of assault in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to establish his guilt of the crimes of assault in the second degree and criminal possession of a weapon in the second degree is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hines,* 97 NY2d 56 [2001]; *People v Gray,* 86 NY2d 10 [1995]). In any event, this argument is without merit. At the trial, the complainant testified that the defendant, whom he knew, fired a gun at him several times. The complainant also testified that the defendant fired the last shot, which struck him in the leg at close range. Viewing this evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]; *People v Metts,* 184 AD2d 592, 592-593 [1992]; *People v Mack,* 178 AD2d 661 [1991]).

The defendant's contention that the Supreme Court improperly considered charges of which he was acquitted or unsubstan-

tiated reports of past criminal conduct as a basis for imposing sentence is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v McCrae,* 1 AD3d 612, 613 [2003]; *People v Emmanus,* 300 AD2d 504 [2002]), and in any event, is without merit (*see People v Emmanus, supra; People v Bejarano,* 287 AD2d 727 [2001]; *People v Robinson,* 250 AD2d 629 [1998]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]). Florio, J.P., Adams, Cozier and Lifson, JJ., concur.