■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHARRON IVORY, Appellant. [813 NYS2d 149]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Hall, J.), rendered May 22, 2003, convicting him of murder in the first degree, burglary in the first degree (four counts), assault in the first degree, assault in the third degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and sentencing him to an indeterminate term of 25 years to life imprisonment on the conviction of murder in the first degree, and determinate terms of 20 years' imprisonment on each count of the conviction of burglary in the first degree, 15 years' imprisonment on the conviction of assault in the first degree, and one year imprisonment on the conviction of assault in the third degree, to run concurrently with each other, and a determinate sentence of 15 years' imprisonment on the conviction of criminal possession of a weapon in the second degree, to run consecutively to the terms of imprisonment imposed on the other convictions.

Ordered that the judgment is modified, on the law, by directing that the term of imprisonment imposed on the conviction of criminal possession of a weapon in the second degree shall run concurrently with the terms of imprisonment imposed on the other convictions; as so modified, the judgment is affirmed.

Contrary to the prosecution's contention, the Supreme Court erred in sentencing the defendant to a consecutive term of imprisonment for his conviction of criminal possession of a weapon in the second degree. The prosecution failed to establish that the defendant possessed a gun with a purpose unrelated to his intent to shoot the decedent (see People v Hamilton, 4 NY3d 654 [2005]; Penal Law § 70.25 [2]). While the defendant possessed the gun prior to the attacks, there was no proof of a separate intent to use it unlawfully against another (see Penal Law § 265.03 [2]). Therefore, the term of imprisonment imposed on the conviction of criminal possession of a weapon in the second degree must run concurrently with the terms of imprisonment imposed on the other convictions.

The defendant's remaining contentions, including those raised in his supplemental brief, are without merit. Prudenti, P.J., Krausman, Mastro and Fisher, JJ., concur.