■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NELSON DONNIGAN, Appellant. [818 NYS2d 558]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Aloise, J.), rendered September 29, 2004, convicting him of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the application of the permissive statutory presumptions under Penal Law § 265.15 (3) and (4) to the facts of this case was unconstitutional. Although the defendant raised this contention in his motion to set aside the verdict pursuant to CPL 330.30, his failure to raise this contention at trial renders it unpreserved for appellate review (see CPL 470.05 [2]; People v Grossfeld, 216 AD2d 319, 320 [1995]). In any event, the defendant's contention is without merit. The defendant specifically contends that it was improper to rely on a statutory presumption of possession of a weapon (see Penal Law § 265.15 [2]) to prove the ultimate presumption, which was the intent to use the weapon unlawfully (see Penal Law § 265.15 [3]). Other than the presumed fact of possession, there were additional facts that showed that the defendant intended to use the gun unlawfully. The defendant was riding in the front passenger seat of a car occupied by two other individuals at 4:40 A.M. at which time the front passenger door of the car opened and a gun was thrown out. When the car was stopped by police officers, the defendant and one other passenger were wearing bandannas covering the lower part of their faces. The magazine of the recovered gun was full, and the gun held an extra round in the chamber. Therefore, there was a rational connection be-

tween the facts proved and the ultimate fact presumed (see generally Tot v United States, 319 US 463, 467 [1943]; People v McKenzie, 67 NY2d 695, 696 [1986]; People v Terra, 303 NY 332, 335 [1951]).

The defendant's contention that he was denied the effective assistance of counsel solely because the defense counsel did not argue at trial that the statutory presumptions were unconstitutional is also without merit. The defendant failed to show that his counsel did not provide meaningful representation in light of the circumstances (see People v Schulz, 4 NY3d 521, 531 [2005]; People v Flores, 84 NY2d 184, 189 [1994]). Ritter, J.P., Krausman, Lifson and Lunn, JJ., concur.