■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAWRENCE PALMER, Appellant. [826 NYS2d 77]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lott, J.), rendered September 23, 2003, convicting him of manslaughter in the first degree and assault in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reducing the defendant's conviction of assault in the first degree to assault in the third degree, and vacating the sentence imposed thereon; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for sentencing on the conviction of assault in the third degree.

The prosecution offered evidence at trial that, in the course of a fistfight involving the defendant and at least two other boys, both unarmed, the defendant drew a folding knife, caused the death of one of the boys by stabbing him in the chest and back, and seriously injured the other by cutting him in the abdomen and on the edge of his back. The defendant testified that he had acted in self-defense, swinging the knife back and forth to ward off an attack by a group of boys including the deceased and the injured complainant. At the close of the evidence, the trial court submitted seven counts to the jury. With respect to the deceased, the trial court submitted two counts of murder in the second degree, one committed intentionally and the other committed under circumstances evincing a depraved indifference to human life (*see* Penal Law § 125.25 [1], [2]), manslaughter in the first degree (*see* Penal Law § 125.20 [1]), and manslaughter in the second degree (*see* Penal Law § 125.15). With respect to the

surviving complainant, the court submitted attempted murder in the second degree (*see* Penal Law §§ 110.00, 125.25 [1]), and two counts of assault in the first degree, one committed intentionally and the other committed under circumstances evincing a depraved indifference to human life (*see* Penal Law § 120.10 [1], [3]). As to the defendant's claim of self-defense, the court instructed the jury, in relevant part, as follows:

"If . . . you determine that the People have proven beyond a reasonable doubt each and every element as to any crime or crimes, you must then consider the defendant's defense of self-defense also known at law as justification.

"If you determine, under this law, as I will instruct you, that the defendant acted justifiably, then he's not guilty of the crime or crimes with which you have initially found him guilty.

"In other words, although the elements of a particular crime has been proven beyond a reasonable doubt, if you find that the defendant acted justifiably, the law does not find his act to be criminal."

The jury acquitted the defendant of both murder counts, as well as the counts of attempted murder and assault in the first degree committed intentionally. As to the deceased, the jury convicted the defendant of manslaughter in the first degree and, pursuant to the court's instructions, did not consider the count of manslaughter in the second degree. As to the surviving complainant, the jury convicted the defendant of assault in the first degree committed under circumstances evincing a depraved indifference to human life.

Contrary to the People's contention, under the circumstances presented, the defendant's challenge to the legal sufficiency of his conviction of assault in the first degree was sufficiently preserved for our review. At the close of the case, the defendant made a generalized motion to dismiss, but also specifically sought dismissal of the count of depraved indifference murder on the ground that an attack with a knife "is not a classical depraved indifference." In denying the defendant's motion to dismiss the depraved indifference murder count, the trial court held that evidence that the defendant "sw[ung a knife] back and forth, just indiscriminately" was sufficient to support the submission of *both* depraved indifference murder and depraved indifference assault. In light of the trial court's determination, it is clear that a separate, specific motion to dismiss the depraved indifference assault charge was not necessary as the trial court was apprised of—and rejected—the defendant's contention that a knife wound inflicted during a fight does not generally evince a depraved indifference to human life—an ele-

ment the People were required to prove beyond a reasonable doubt with respect to the depraved indifference murder count as well as the depraved indifference assault count. We find, therefore, that, in the particular circumstances of this case, the salutary purpose of the preservation rule (*see People v Gray*, 86 NY2d 10, 20-21 [1995]) was satisfied (*cf. People v Lopez*, 71 NY2d 662, 666 [1988]).

Turning to the merits of the defendant's legal sufficiency challenge, the record does not support the conviction of depraved indifference assault, as the evidence, viewed in the light most favorable to the prosecution, failed to establish beyond a reasonable doubt that the defendant acted with the culpable mental state of depraved indifference to human life (*see People v Swinton*, 7 NY3d 776 [2006]; *People v Feingold*, 7 NY3d 288 [2006]). The evidence was legally sufficient, however, to support the view that the defendant, in the heat of battle, recklessly inflicted physical injury upon the surviving complainant who did not even realize that he had been cut until sometime later (*see* Penal Law § 120.00 [2]; *People v Swinton, supra*; *see also People v Rodriguez*, 33 AD3d 730 [2006]; *People v McMillon*, 31 AD3d 136 [2006], *lv denied* 7 NY3d 815 [2006]). Accordingly, we modify the judgment by reducing the conviction of assault in the first degree to assault in the third degree.

The defendant also contends that the trial court erred in failing to instruct the jurors explicitly that if they found him not guilty of murder and attempted murder by reason of justification, they should acquit him and cease deliberations. This Court has held that, in a case involving a claim of self-defense, it is error for the trial court not to instruct the jurors that, if they find the defendant not guilty of a greater charge on the basis of justification, they were not to consider any lesser counts (*see People v Feuer*, 11 AD3d 633, 634 [2004]). The rationale for this holding is that, without such an instruction, "there is no way of knowing whether the acquittal on the top counts was based on a finding of justification, so as to [have] require[d] acquittal on the lesser-included offense as well" (*People v Ross*, 2 AD3d 465, 466 [2003]). We note that this rationale is also served by charging in accordance with the revised pattern jury instructions, which require that the absence of justification be made a specific element of *each* of the submitted charges (*see* CJI2d [NY] Justification: Use of Deadly Physical Force in Defense of a Person [Penal Law § 35.15]). Here, the defendant's challenge to the trial court's instruction was not preserved for our review and, in light of the overwhelming evidence disproving justification, including forensic evidence regarding the nature of the

deceased's fatal wounds and the testimony of an independent witness who observed the incident, we decline to reach the issue in the exercise of our interest of justice jurisdiction (*see People v Peterkin*, 23 AD3d 678 [2005]; *People v Holmes*, 12 AD3d 532 [2004]; *cf. People v Feuer, supra*).

Based on the totality of the record, the defendant received the effective assistance of counsel (*People v Benevento*, 91 NY2d 708, 712 [1998]), and the sentence imposed on the conviction of manslaughter in the first degree was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Miller, J.P., Goldstein, Skelos and Fisher, JJ., concur.