THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARFIELD JENKINS, Appellant. [824 NYS2d 676]—

Appeal by the defendant from a judgment of the County Court, Orange County (Rosenwasser, J.), rendered August 16, 2004, convicting him of murder in the second degree, criminal possession of a weapon in the second degree (two counts), and

criminal possession of a weapon in the third degree (two counts), upon a jury verdict, and sentencing him to an indeterminate term of 25 years' to life imprisonment on the conviction of murder in the second degree, determinate terms of 15 years' imprisonment on the convictions on each count of criminal possession of a weapon in the second degree, and determinate terms of 7 years' imprisonment on the convictions on each count of criminal possession of a weapon in the third degree, with the weapons counts to run concurrently with each other but consecutively to the murder count. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

Ordered that the judgment is modified, on the law, by directing that the terms of imprisonment imposed on the convictions of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree shall run concurrently with the term of imprisonment imposed on the conviction of murder in the second degree; as so modified, the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to establish his guilt beyond a reasonable doubt is unpreserved for appellate review (*see* CPL 470.05; *see also People v Payne*, 3 NY3d 266, 280 [2004]; *People v Diefenbacher*, 21 AD3d 1293, 1294 [2005]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see People v Gaimari*, 176 NY 84, 94 [1903]). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see People v Garafolo*, 44 AD2d 86, 88 [1974]). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

That branch of the defendant's omnibus motion which was to suppress his statements was properly denied. There is no evidence in the record that the defendant made any inculpatory statements during the approximately 15-minute period that he was in custody prior to the administration of the *Miranda* warnings (*see Miranda v Arizona*, 384 US 436 [1966]; *People v McMillon*, 31 AD3d 136 [2006]; *People v Duncan*, 295 AD2d 533,

534 [2002]; *see also People v Jamison*, 307 AD2d 368, 369 [2003]; *cf. People v Celleri*, 29 AD3d 707, 708 [2006]). Thus, the defendant was not entitled to suppression of the statements he made immediately after administration of the *Miranda* warnings (*see People v Duncan, supra* at 534) since he failed to meet the burden of persuasion which rested with him after the People, in the first instance, established the legality of the police conduct (*see People v Di Stefano*, 38 NY2d 640, 652 [1976]; *People v Chavis*, 147 AD2d 582 [1989]).

The County Court erred in ordering that the terms of imprisonment imposed on the weapons possession convictions run consecutively with the term of imprisonment imposed on the murder conviction. Since the weapons possession was not separate and distinct from the shooting, Penal Law § 70.25 (2) prohibits consecutive sentences (*see People v Hamilton*, 4 NY3d 654, 659 [2005]; *People v Ivory*, 27 AD3d 664 [2006]; *People v Rosario*, 26 AD3d 271, 273 [2006]; *People v Washington*, 9 AD3d 499, 502-503 [2004]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contention does not require reversal. Adams, J.P., Skelos, Fisher and Covello, JJ., concur.