■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY WARE, Appellant. [827 NYS2d 704]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Starkey, J.), rendered March 15, 2004, convicting him of attempted assault in the first degree, attempted robbery in the first degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prose-

cution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that the defense of justification was disproved beyond a reasonable doubt. There was legally sufficient evidence to support the conclusion that the defendant was the initial aggressor, the victim was fleeing and unarmed, and the defendant could have retreated to safety without resorting to deadly physical force. Consequently, the defendant's convictions of attempted assault in the first degree and criminal possession of a weapon in the second degree, offenses to which the defense of justification might have applied, must be sustained. The defendant's conviction of attempted robbery in the first degree must also be sustained since, contrary to the defendant's contention, the justification defense does not apply to this charge (*see People v Ellison*, 175 AD2d 846 [1991]).

While the defendant contends that the testimony of the prosecution witnesses was incredible, the resolution of issues of credibility is primarily a matter to be determined by the jury, which saw and heard the witnesses (*see People v Romero*, 7 NY3d 633, 644-645 [2006]). Where, as here, the challenged testimony was not incredible as a matter of law, the jury's determination should be accorded great weight on appeal (*see People v Romero, supra* at 644-645; *People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]). Upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero, supra*).

The defendant's contention concerning the trial court's charge on the issue of justification is unpreserved for appellate review, and we decline to review this issue in the exercise of our interest of justice jurisdiction (*see People v Peterkin*, 23 AD3d 678, 679 [2005]; *People v Holmes*, 12 AD3d 532 [2004]; *cf. People v Feuer*, 11 AD3d 633 [2004]). Rivera, J.P., Krausman, Goldstein and Lunn, JJ., concur.