THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JORGE HERNANDEZ, Appellant. [846 NYS2d 371]—

Appeal by the defendant from a judgment of the County Court, Orange County (Berry, J.), rendered June 29, 2005, convicting him of murder in the second degree and criminal possession of a weapon in the third degree, upon a jury verdict, and sentencing him to an indeterminate term of imprisonment of 25 years to life on the conviction of murder in the second degree and an indeterminate term of 2¹/₃ to 7 years on the conviction of criminal possession of a weapon in the third degree, to be served consecutively. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

Ordered that the judgment is modified, on the law, by directing that the term of imprisonment imposed on the conviction of criminal possession of a weapon in the third degree shall run concurrently with the term of imprisonment imposed on the conviction of murder in the second degree; as so modified, the judgment is affirmed.

Under the totality of the circumstances, we find no reason to disturb the hearing court's findings that the defendant who, upon testing, was determined to be mildly retarded, knowingly, voluntarily, and intelligently waived his *Miranda* rights (*see Miranda v Arizona*, 384 US 436 [1966]). "An effective waiver of *Miranda* rights may be made by an accused of subnormal intelligence so long as it is established that he or she understood the immediate meaning of the warnings" (*People v Williams*, 62 NY2d 285, 287 [1984]; *see People v Jones*, 41 AD3d 736 [2007], *lv denied* 9 NY3d 877 [2007]; *People v Marx*, 305 AD2d 726, 728 [2003]). Since the evidence supported a finding that the defen-

dant possessed such comprehension, the waiver was properly given effect in the absence of any other factors suggesting a lack of voluntariness (*see People v Williams*, 62 NY2d at 285).

In addition, the County Court did not err in precluding expert testimony proffered by the defendant concerning his performance on a battery of tests, known as the "Grisso instrument," which is intended to assess a person's ability to knowingly and intelligently waive *Miranda* rights. The tests have not been generally accepted by New York courts and, assuming that their general acceptance among forensic psychologists has been established for purposes of *Frye v United States* (293 F 1013 [1923]), the defense failed to establish a foundation for admissibility by demonstrating the "specific reliability of the procedures followed to generate the evidence proffered" by the proposed expert (*People v Wesley*, 83 NY2d 417, 429 [1994]; *see Parker v Mobil Oil Corp.*, 7 NY3d 434, 447 [2006]; *People v Cole*, 24 AD3d 1021, 1024 [2005]). Among other things, the validity of the test result was undermined by significant differences between the vocabulary used in the test and that used in the actual warnings given to the defendant, and the defendant's expert did not administer other tests which normally are considered necessary in order to render a reliable opinion. The expert was permitted to testify concerning, inter alia, the defendant's mental retardation and studies concerning the effect that condition has on a person's ability to make an intelligent waiver of *Miranda* rights.

The jury determination that the defendant failed to prove by a preponderance of the evidence that he was "act[ing] under the influence of extreme emotional disturbance for which there was a reasonable explanation or excuse" when he stabbed and killed the victim was based on legally sufficient evidence and was not against the weight of the evidence (Penal Law § 125.25 [1] [a]; *see People v Roche*, 98 NY2d 70, 75 [2002]). "[W]here conflicting expert testimony is presented, the question of whether or not the defendant suffered from a mental disease or defect at the time of the commission of the crime is primarily for the trier of fact, who has the right to accept or reject the opinion of any expert" (*People v Bernstein*, 255 AD2d 388, 388 [1998]; *see People v Ayala*, 221 AD2d 457, 458 [1995]). The jury reasonably could have concluded that the defendant's conduct, including secreting a kitchen knife in a bedroom hours prior to the stabbing, was inconsistent with the loss of control associated with extreme emotional disturbance (*see People v Roche*, 98 NY2d at 75-76; *People v Ayala*, 221 AD2d at 457).

However, the County Court erred in ordering that the term of

imprisonment imposed on the conviction for criminal possession of a weapon in the third degree must run consecutively with the term of imprisonment imposed on the murder conviction. Since the possession of the knife with intent to kill the victim was not separate and distinct from the killing of the victim, Penal Law § 70.25 (2) prohibits consecutive sentences (*see People v Hamilton*, 4 NY3d 654, 659 [2005]; *People v Jenkins*, 34 AD3d 833, 835 [2006]; *People v Boyer*, 31 AD3d 1136, 1139 [2006]; *People v Ivory*, 27 AD3d 664 [2006]; *People v Rosario*, 26 AD3d 271, 273 [2006]; *cf. People v Salcedo*, 92 NY2d 1019, 1021 [1998]). Spolzino, J.P., Dillon, Angiolillo and Dickerson, JJ., concur.