THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STANLEY SADLER, Appellant. [853 NYS2d 374]

The defendant's contention that the evidence was legally insufficient to establish his guilt beyond a reasonable doubt is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray*, 86 NY2d 10, 19 [1995]). Although the defendant did raise a similar argument in his motion pursuant to CPL article 330 to set aside the verdict, raising such an argument for the first time in such a motion is not sufficient to preserve a claim for appellate review (*see People v Padro*, 75 NY2d 820, 821 [1990]; *People v Donnigan*, 31 AD3d 576 [2006]; *People v LaGuerre*, 29 AD3d 820, 821 [2006]). In any event, viewing the evidence in the light most favorable to the prosecution and affording it the benefit of every favorable inference to be drawn therefrom (*see Jackson v Virginia*, 443 US 307, 319 [1979]; *People v Contes*, 60 NY2d 620, 621 [1983]), it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see People v Plaisted*, 2 AD3d 906, 907 [2003]; *People v Stephens*, 2 AD3d 888, 889 [2003]; *People v Smith*, 302 AD2d 677, 679 [2003];

*People v Williams*, 259 AD2d 509 [1999]). Moreover, upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant failed to preserve for appellate review his contention that the sentence imposed by the County Court improperly penalized him for exercising his right to a jury trial, as he did not raise this issue on the record at the time of sentencing (*see People v Robinson*, 287 AD2d 582 [2001]). In any event, the defendant's contention is without merit (*see People v Martinez*, 289 AD2d 259, 259-260 [2001]; *People v Robinson*, 287 AD2d at 582-583). Further, the sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Skelos, J.P., Lifson, Santucci and Balkin, JJ., concur.