(February 25, 2010)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BENIGNO BARRETO, Appellant. [895 NYS2d 92]—

Judgment, Supreme Court, Bronx County (Barbara F. Newman, J.), rendered February 15, 2008, convicting defendant, after a jury trial, of assault in the second degree, and sentencing him, as a second felony offender, to a term of seven years, unanimously affirmed.

The verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's determinations concerning credibility. The victim's credible testimony negated the defense of justification by establishing that defendant was the initial aggressor. Moreover, under the version of the facts contained in defendant's testimony, even if he was initially justified there was no justification for his continued use of deadly physical force to slash the victim's neck; according to defendant, by that time he had already disarmed his assailant and placed the situation under control.

Defendant did not preserve his challenge to the court's justification charge, and we decline to review it in the interest of justice. As an alternative holding, we find that the justification charge, viewed as a whole, sufficiently conveyed the principle that if the People did not disprove the defense of justification beyond a reasonable doubt, defendant was entitled to an acquittal as to all counts (*see People v Palmer*, 34 AD3d 701, 703 [2006], *lv denied* 8 NY3d 848 [2007]). The charge could not have misled the jury with regard to the relationship between the charges and the justification defense. On the record before us, although defendant claims his counsel was ineffective in failing to object to the charge, we find that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]). Regardless of whether counsel should have asked the court to charge the jury in accordance with defendant's present claim, defendant has not established that he was prejudiced (*see People v White*, 66 AD3d 585, 586-587 [2009]).

The court properly exercised its discretion when, in response to a note from the deliberating jury requesting a definition of assault in the second degree, it reread the elements of that crime and treated lack of justification as one of the essential elements. Since the court was not obligated to go beyond the jury's request, it properly declined to provide a full charge on justification (*see People v Almodovar*, 62 NY2d 126, 131-132 [1984]). Concur—Gonzalez, P.J., Mazzarelli, Nardelli, Acosta and Abdus-Salaam, JJ.