■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DWAYNE BROOKS, Appellant. [896 NYS2d 881]—Appeal by the defendant from a judgment of the County Court, Orange County (DeRosa, J.), rendered January 23, 2008, convicting him of manslaughter in the first degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention concerning the trial court's charge on the issue of justification is unpreserved for appellate review (see CPL 470.05 [2]; People v Peterkin, 23 AD3d 678, 679 [2005]; People v Moultrie, 6 AD3d 730 [2004]). In any event, the trial court's charge was proper (see CJI2d[NY] Defense, Justification: Use of Deadly Physical Force in Defense of a Person; People v Palmer, 34 AD3d 701, 703 [2006]).

The defendant was not deprived of the effective assistance of counsel, as defense counsel provided meaningful representation (see People v Benevento, 91 NY2d 708 [1998]; People v Baldi, 54 NY2d 137 [1981]).

The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80 [1982]). Prudenti, P.J., Balkin, Leventhal and Austin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AMAR BROWN, Appellant. [896 NYS2d 872]—Appeal by the defendant from a judgment of the County Court, Suffolk County (Efman, J.), rendered April 1, 2009, convicting him of criminal possession of a controlled substance in the seventh degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (see Anders v California, 386 US 738 [1967]; People v Paige, 54 AD2d 631 [1976]; cf. People v Gonzalez, 47 NY2d 606 [1979]). Fisher, J.P., Covello, Balkin, Leventhal and Lott, JJ., concur.