■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID GONZALEZ, Appellant. [917 NYS2d 883]—Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated November 13, 2001 (*People v Gonzalez*, 288 AD2d 321 [2001]), affirming a judgment of the Supreme Court, Richmond County, rendered May 31, 2000.

Ordered that the application is denied.

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (*see Jones v Barnes*, 463 US 745 [1983]; *People v Stultz*, 2 NY3d 277 [2004]). Prudenti, P.J., Mastro, Rivera and Skelos, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KHADIM GUEYE, Appellant. [917 NYS2d 883]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Aloise, J.), rendered July 16, 2008, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention concerning the trial court's charge on the issue of justification is unpreserved for appellate review, and we decline to review this issue in the exercise of our interest of justice jurisdiction (*see People v Barreto*, 70 AD3d 574, 575 [2010]; *People v Ware*, 36 AD3d 838, 839 [2007], *mod* 10 NY3d 457 [2008]; *People v Palmer*, 34 AD3d 701, 703-704 [2006]; *People v Soto*, 31 AD3d 793, 793 [2006]; *People v Peterkin*, 23 AD3d 678, 679 [2005]; *People v Jung*, 22 AD3d 506 [2005]; *People v Holmes*, 12 AD3d 532 [2004]; *cf. People v Feuer*, 11 AD3d 633, 634 [2004]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contention is without merit. Mastro, J.P., Balkin, Leventhal and Miller, JJ., concur.