THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KAREEM JACKSON, Appellant. [920 NYS2d 434]—

Appeal by the defendant from a judgment of the County Court, Orange County (DeRosa, J.), rendered July 22, 2008, convicting him of assault in the second degree and criminal possession of a weapon in the third degree, upon a jury verdict, and sentencing him to a determinate term of imprisonment of seven years plus five years' postrelease supervision on the conviction of assault in the second degree and an indeterminate term of imprisonment of $3^1/_2$ to 7 years on the conviction of criminal possession of a weapon in the third degree, to be served consecutively.

Ordered that the judgment is modified, on the law, by directing that the term of imprisonment imposed on the conviction of criminal possession of a weapon in the third degree shall run concurrently with the term of imprisonment imposed on the conviction of assault in the second degree; as so modified, the judgment is affirmed.

In fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342, 348-349 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

However, the County Court erred in directing that the term of imprisonment imposed on the conviction for criminal possession of a weapon in the second degree run consecutively with the term of imprisonment imposed on the conviction for assault

in the second degree. The evidence adduced at trial demonstrated that the defendant retrieved an object just before he and the victim left a house together. The two then walked down a road until the defendant found a bicycle in a ditch, which he retrieved, and then rode alongside the victim. After turning onto another road, the defendant cut the victim's face and breast with the object he had retrieved just before leaving the house, and then rode off on the bicycle. Based on such evidence, the prosecution did not establish that the defendant possessed a dangerous instrument with a purpose unrelated to his intent to use it against the victim (*see* Penal Law § 70.25 [2]; *People v Hamilton*, 4 NY3d 654 [2005]; *People v Hernandez*, 46 AD3d 574, 576-577 [2007]; *People v Ivory*, 27 AD3d 664 [2006]; *cf. People v Salcedo*, 92 NY2d 1019 [1998]). Therefore, the sentence imposed for the conviction of criminal possession of a weapon in the third degree must run concurrently with the sentence imposed for the conviction of assault in the second degree.

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Angiolillo, J.P., Florio, Belen and Miller, JJ., concur.