■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AMOS FULLY, Appellant. [971 NYS2d 459]—

Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Collini, J.), rendered July 1, 2010, convicting him of burglary in the first degree, upon his plea of guilty, and imposing sentence. By decision and order of this Court dated December 27, 2011, the matter was remitted to the Supreme Court, Richmond County, to hear and report on the defendant's motion to withdraw his plea of guilty, and the appeal was held in abeyance in the interim (see People v Fully, 90 AD3d 1071 [2011]). The Supreme Court has now submitted its report. Justice Rivera has been substituted for former Justice Belen (see 22 NYCRR 670.1 [c]).

Ordered that the judgment is affirmed.

By decision and order of this Court dated December 27, 2011, this matter was remitted to the Supreme Court, Richmond County, to hear and report on the defendant's motion to withdraw his plea of guilty, and the appeal was held in abeyance in the interim (see People v Fully, 90 AD3d 1071 [2011]). At the hearing subsequently conducted by the Supreme Court, the attorney who represented the defendant at the plea proceeding testified that the defendant was fully apprised of the consequences of entering a plea of guilty. The defendant declined to testify at the hearing, expressly stating to the Supreme Court that no one had coerced him into waiving his right to testify.

In a posthearing memorandum submitted to the Supreme Court, the defendant alleged for the first time that the Supreme Court had informed him, in an off-the-record statement made during a recess at the hearing, that he would be subject to a perjury charge if he testified in support of his motion to withdraw his plea of guilty. The defendant claims that the Supreme Court's off-the-record statement deprived him of a reasonable opportunity to present his contentions. Since the defendant's claim rests on matter dehors the record, it is not properly before this Court (see People v McLean, 15 NY3d 117, 121 [2010]; People v Steven B., 81 AD3d 843, 843 [2011]).

Accordingly, the Supreme Court properly denied the defendant's motion to withdraw his plea of guilty. Rivera, J.P., Skelos, Leventhal and Roman, JJ., concur.