■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER BOLEY, Appellant. [983 NYS2d 830]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Mangano, Jr., J.), rendered May 21, 2010, convicting him of assault in the first degree, assault in the second degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the prosecutor committed prosecutorial misconduct because he failed to conduct a thorough investigation rests on matter dehors the record and, thus, is not properly before this Court (see generally People v McLean, 15 NY3d 117, 121 [2010]; People v Fully, 109 AD3d 936, 936 [2013]; People v Steven B., 81 AD3d 843, 843 [2011]).

The Supreme Court properly precluded the defendant's father from testifying that a nontestifying witness to the attack told the father that he had hit the complainant with a lock and chain. For a statement to be admissible under the exception to the hearsay rule for declarations against penal interest, a four-part test must be satisfied: (1) the declarant must be unavailable to testify at the defendant's trial, (2) the declarant must have competent knowledge of the facts, (3) the declarant must have known at the time the statement was made that it was against his or her penal interest, and (4), most important, there must be independent supporting proof indicating that the statement is trustworthy and reliable (see People v Ennis, 11 NY3d 403, 412-413 [2008], cert denied 556 US 1240 [2009]; People v

*Brensic*, 70 NY2d 9, 15 [1987]; *People v Settles*, 46 NY2d 154, 167 [1978]; *People v Singh*, 47 AD3d 733, 734 [2008], *cert denied* 555 US 1011 [2008]). Here the defendant failed to satisfy the test because he failed to establish that the declarant was unavailable to testify (*see People v Harvey*, 270 AD2d 959, 960 [2000]).

The defendant's contention that he was deprived of a fair trial by the prosecutor's comments in summation is unpreserved for appellate review since he failed to raise his specific objections to those comments at trial (*see* CPL 470.05 [2]; *People v Bellman*, 112 AD3d 732 [2013]; *People v Beauliere*, 36 AD3d 623, 623 [2007]; *People v Materon*, 276 AD2d 718, 718-719 [2000]). In any event, the majority of the challenged remarks constituted fair response to arguments made by defense counsel in summation, or constituted fair comment on the evidence (*see People v Ashwal*, 39 NY2d 105, 109-110 [1976]; *People v Roscher*, 114 AD3d 812 [2014]; *People v Bartolomeo*, 126 AD2d 375, 390 [1987]). To the extent that a remark made by the prosecutor was improper, it did not deprive the defendant of a fair trial (*see People v Roscher*, 114 AD3d at 813).

The defendant's contentions that the Supreme Court's justification charge was confusing and otherwise improper are unpreserved for appellate review, as he failed to object to the charge (*see People v Gueye*, 81 AD3d 974 [2011]; *People v Barreto*, 70 AD3d 574, 575 [2010]; *People v Ware*, 36 AD3d 838, 839 [2007], *mod sub nom. People v Sparber*, 10 NY3d 457 [2008]). The defendant's contention that the verdict was repugnant is also unpreserved for appellate review, as he failed to raise this issue before the discharge of the jury (*see People v Alfaro*, 66 NY2d 985, 987 [1985]; *People v Ariza*, 77 AD3d 844, 845 [2010]; *People v Moses*, 36 AD3d 720 [2007]). Although the defendant raised these claims in his motion to set aside the verdict, this was insufficient to preserve the claims for review on the direct appeal from the judgment of conviction (*see People v Padro*, 75 NY2d 820, 821 [1990]; *People v Sadler*, 49 AD3d 670, 670 [2008]; *People v Donnigan*, 31 AD3d 576, 576 [2006]; *People v LaGuerre*, 29 AD3d 820, 821 [2006]). In any event, the defendant's contentions are without merit.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to

view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's remaining contentions are without merit. Skelos, J.P., Dickerson, Leventhal and Hall, JJ., concur.