THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CASEY FITZGERALD, Appellant. [991 NYS2d 112]—

Appeal by the defendant from a judgment of the Supreme Court, Nassau County (McCormack, J.), rendered January 17, 2012, convicting him of manslaughter in the first degree, crimi-

nal possession of a weapon in the second degree pursuant to Penal Law § 265.03 (1) (b), and criminal possession of a weapon in the second degree pursuant to Penal Law § 265.03 (3), and sentencing him to a determinate term of imprisonment of 25 years on the conviction of manslaughter in the first degree and determinate terms of imprisonment of five years on each of the convictions of criminal possession of a weapon, with the term imposed upon the conviction of criminal possession of a weapon in the second degree pursuant to Penal Law § 265.03 (1) (b) to run consecutively to the term imposed upon the conviction of manslaughter, and the terms imposed upon the convictions of criminal possession of a weapon in the second degree to run concurrently with each other. The appeal brings up for review the denial, after a hearing pursuant to a stipulation in lieu of motions, of the suppression of the defendant's statements to law enforcement officials.

Ordered that the judgment is modified, on the law, by directing that the term of imprisonment imposed on the conviction of criminal possession of a weapon in the second degree pursuant to Penal Law § 265.03 (1) (b) shall run concurrently with the term of imprisonment imposed on the conviction of manslaughter in the first degree, and that all terms of imprisonment are to run concurrently; as so modified, the judgment is affirmed.

Contrary to the defendant's contention, the evidence adduced at the suppression hearing established that his statements to law enforcement officials were made after he knowingly, voluntarily, and intelligently waived his *Miranda* rights (*see Miranda v Arizona*, 384 US 436 [1966]).

The defendant's challenge to the Supreme Court's charge on the issue of justification is unpreserved for appellate review, and we decline to review this issue in the exercise of our interest of justice jurisdiction (*see People v Gueye*, 81 AD3d 974, 974 [2011]; *People v Barreto*, 70 AD3d 574, 575 [2010]; *People v Ware*, 36 AD3d 838, 839 [2007], *mod* 10 NY3d 457 [2008]; *People v Palmer*, 34 AD3d 701, 703-704 [2006]; *People v Soto*, 31 AD3d 793, 793 [2006]; *People v Peterkin*, 23 AD3d 678, 679 [2005]; *cf. People v Feuer*, 11 AD3d 633, 634 [2004]).

Although it was improper for the People to elicit, from one of the defendant's witnesses, that the defendant was incarcerated pending trial, the error was harmless, as there was overwhelming evidence of the defendant's guilt, and no significant probability that the error contributed to his convictions (*see People v Crimmins*, 36 NY2d 230, 241-242 [1975]; *People v Thomas*, 65 AD3d 1170, 1171 [2009]).

The defendant's contention that he was deprived of the effec-

tive assistance of counsel is without merit. Defense counsel was not ineffective in failing to ask for a charge on manslaughter in the second degree, since there is no reasonable view of the evidence that would have supported a finding that the defendant acted recklessly in repeatedly shooting the victim (*see People v Henderson*, 41 NY2d 233, 235 [1976]; *People v Etienne*, 250 AD2d 776 [1998]).

The Supreme Court erred in directing that the term of imprisonment imposed on the conviction of criminal possession of a weapon in the second degree with the intent to use it unlawfully against another, pursuant to Penal Law § 265.03 (1) (b), was to run consecutively to the term of imprisonment imposed on the conviction of manslaughter in the first degree. The evidence adduced at trial did not demonstrate that the defendant possessed the gun with a purpose unrelated to his intent to use it against the victim (*see* Penal Law § 70.25 [2]; *People v Hamilton*, 4 NY3d 654 [2005]; *People v Jackson*, 83 AD3d 962, 962-963 [2011]; *People v Hernandez*, 46 AD3d 574, 576-577 [2007]; *People v Ivory*, 27 AD3d 664 [2006]; *cf. People v Salcedo*, 92 NY2d 1019 [1998]). Therefore, the sentence imposed on the conviction of criminal possession of a weapon in the second degree with the intent to use it unlawfully against another, pursuant to Penal Law § 265.03 (1) (b), must run concurrently with the sentence imposed on the conviction of manslaughter in the first degree.

The Supreme Court failed to expressly specify the manner in which the sentence imposed on the conviction of criminal possession of a weapon in the second degree, arising from conduct engaged in outside of the defendant's home or place of business, pursuant to Penal Law § 265.03 (3), was to run with the sentence imposed on the conviction of manslaughter in the first degree. Accordingly, the sentences imposed upon the convictions of those two crimes are deemed to run concurrently with each other (*see* Penal Law § 70.25 [1] [a]), and there is no merit to the People's contention that the Supreme Court intended that those terms of imprisonment were to run consecutively. Consequently, all terms of imprisonment are to run concurrently.

The defendant failed to preserve for appellate review his contention that the Supreme Court, in imposing sentence, relied on purportedly misleading information contained in the presentence report, and we decline to review this issue in the exercise of our interest of justice jurisdiction (*see* CPL 470.05 [2]; *People v Mathieu*, 83 AD3d 735, 737 [2011]; *People v Baez*, 52 AD3d 840 [2008]; *People v Butler*, 10 AD3d 368, 368-369 [2004]). Mastro, J.P., Leventhal, Lott and Miller, JJ., concur.