■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
NATHAN INGRAM, Appellant. [37 NYS3d 551]—

Appeal by the defendant from a judgment of the Supreme
Court, Westchester County (Zambelli, J.), rendered December
11, 2012, convicting him of criminal possession of a weapon in
the third degree (two counts) and criminal possession of a

controlled substance in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The Supreme Court did not improvidently exercise its discretion in denying the defendant's motion, made during the trial, to reopen the suppression hearing. A court may grant a motion to reopen a suppression hearing "upon a showing by the defendant, that additional pertinent facts have been discovered by the defendant which he [or she] could not have discovered with reasonable diligence before the determination of the motion" (CPL 710.40 [4]; *see People v Velez*, 39 AD3d 38, 42 [2007]). Here, the defendant failed to establish that he could not, with due diligence, have discovered the additional facts asserted in his motion in time to present them at the suppression hearing (*see People v Ekwegbalu*, 131 AD3d 982, 984 [2015]; *People v Rhodes*, 60 AD3d 705, 705 [2009]).

The record does not establish that the defendant was deprived of the effective assistance of counsel on the ground that one of his trial attorneys had a conflict of interest (*see People v Sanchez*, 21 NY3d 216, 222-224 [2013]; *People v Watson*, 115 AD3d 687, 690 [2014]). Moreover, the record does not establish that the defendant was otherwise deprived of his right to the effective assistance of counsel (*see People v Baldi*, 54 NY2d 137, 147 [1981]; *see also Strickland v Washington*, 466 US 668, 694 [1984]).

The defendant's claims raised in his pro se supplemental brief that are based on matter dehors the record are not properly before this Court (*see People v Fully*, 109 AD3d 936, 936 [2013]). The defendant's claims raised in his pro se supplemental brief that are based on matter appearing on the record are without merit. Balkin, J.P., Dickerson, Miller and Hinds-Radix, JJ., concur.