People v Swann (2019 NY Slip Op 03822)





People v Swann


2019 NY Slip Op 03822


Decided on May 15, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
MARK C. DILLON
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2014-04868
 (Ind. No. 2866/12)

[*1]The People of the State of New York, respondent,
v Robert Swann, appellant.


Paul Skip Laisure, New York, NY (Benjamin S. Litman of counsel), for appellant.
John M. Ryan, Acting District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Jill Gross-Marks of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Ira H. Margulis, J.), rendered April 28, 2014, convicting him of manslaughter in the first degree, upon a jury verdict, and sentencing him to a determinate term of imprisonment of 25 years, to be followed by a period of postrelease supervision of 5 years.
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the sentence imposed from a determinate term of imprisonment of 25 years, to be followed by a period of postrelease supervision of 5 years, to a determinate term of imprisonment of 20 years, to be followed by a period of postrelease supervision of 5 years; as so modified, the judgment is affirmed.
The defendant's contention concerning the trial court's charge on the issue of justification is unpreserved for appellate review, and we decline to review this issue in the exercise of our interest of justice jurisdiction (see People v Louis, 153 AD3d 728; People v Fitzgerald, 120 AD3d 506, 507; People v Gueye, 81 AD3d 974).
The defendant was not deprived of the effective assistance of counsel, as defense counsel provided meaningful representation (see People v Benevento, 91 NY2d 708; People v Baldi, 54 NY2d 137).
The sentence imposed was excessive to the extent indicated (see People v Suitte, 90 AD2d 80).
The defendant's remaining contention is unpreserved for appellate review, and we decline to review this issue in the exercise of our interest of justice jurisdiction.
MASTRO, J.P., DILLON, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court