People v Smith (2019 NY Slip Op 06004)





People v Smith


2019 NY Slip Op 06004


Decided on July 31, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 31, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JOSEPH J. MALTESE
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2017-05489
 (Ind. No. 10486/15)

[*1]The People of the State of New York, respondent,
v
Tinkita Smith, appellant.


Justin C. Bonus, Forest Hills, NY, for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Sholom J. Twersky, and Sarah G. Pitts of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Deborah A. Dowling, J.), rendered April 20, 2017, convicting her of assault in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is reversed, on the law, and a new trial is ordered.
The defendant cut the victim's face with a piece of glass during an altercation at a house party. The defendant was charged with assault in the first degree (two counts), attempted assault in the first degree, and assault in the second degree (two counts). At trial, the defendant asserted a justification defense. The jury acquitted the defendant on all counts, except one count of assault in the second degree, and convicted him of that count (Penal Law § 120.05[1]). The defendant appeals.
When a defendant asserts a claim of self-defense, the trial court must instruct the jurors that a finding of not guilty on the basis of justification precludes a verdict of guilty as to any lesser included offenses, and that, upon making such a finding, they should accordingly render a verdict of acquittal and cease deliberation (see People v Fletcher, 166 AD3d 796; People v Palmer, 34 AD3d 701; People v Feuer, 11 AD3d 633; People v Castro, 131 AD2d 771). Here, the Supreme Court properly instructed the jurors to consider justification as an element of each count submitted for their consideration. The court also properly instructed the jurors that they must find the defendant not guilty of all counts if they found that the People failed to disprove the defendant's justification defense.
However, the verdict sheet did not mention justification, and instructed the jurors to "continue to" the following count if they found the defendant not guilty of count one, two, three, or four. Therefore, the Supreme Court's instructions, taken together as a whole, may have led the jurors to conclude that deliberation on each crime required reconsideration of the justification defense, even if they had already acquitted the defendant of the previous count based on justification (see People v Rosario, 169 AD3d 1066; People v Braithwaite, 153 AD3d 929). There is now no way of knowing whether the jurors acquitted the defendant of the greater counts on the ground of justification so as to mandate acquittal on the lesser counts (see People v Akbar, 169 AD3d 708).
The evidence at trial of lack of justification was not overwhelming (see People v Palmer, 34 AD3d 701). Accordingly, the judgment of conviction must be reversed and a new trial ordered on the charge of assault in the second degree under count 5 of the indictment (Penal Law § 120.05[1]; see People v Rosario, 169 AD3d 1066; People v Akbar, 169 AD3d 708; People v Braithwaite, 153 AD3d 929).
CHAMBERS, J.P., MALTESE, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court