■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE CASTRO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Greenberg, J.), rendered August 26, 1985, convicting him of manslaughter in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and the indictment is dismissed, without prejudice to the People to re-present any appropriate charges to another Grand Jury *(see, People v Beslanovics,* 57 NY2d 726). Upon service upon him of a copy of this decision and order, with notice of entry, the official having custody of the defendant's person is directed to produce him, forthwith, before the Supreme Court, Kings County, at which time that court shall issue a securing order pursuant to CPL 470.45, either releasing the defendant on his own recognizance, or fixing bail, or committing him to the custody of the New York City Department of Correctional Services pending resubmission of the case to the Grand Jury and the Grand Jury's disposition thereof *(cf., CPL 210.45 [9]).* Such securing order shall remain in effect until the first to occur of any of the following: (a) a statement to the court by the People that they do not intend to resubmit the case to a Grand Jury, (b) arraignment of the defendant upon an indictment filed as a result of resubmission of the case to a Grand Jury, (c) the filing with the court of a Grand Jury dismissal of the case following resubmission thereof, or (d) the expiration of a period of 45 days from the date of this decision and order, provided that such period may, for good cause shown, be extended by the Supreme Court, Kings County, to a designated subsequent date if such be necessary to accord the People reasonable opportunity to resubmit the case to a Grand Jury.

The defendant was indicted for the crime of murder in the second degree. At his trial, the defendant asserted the defense of justification (see, Penal Law § 35.15). The trial court submitted the murder charge to the jury, along with the lesser included offenses of manslaughter in the first and second degrees. The court properly instructed the jury that it was to consider each lesser included offense only after it had acquitted the defendant of its respective greater offense (see, People v Boettcher, 69 NY2d 174). With regard to the justification defense, the court instructed the jury that in the event it found that the People had proven the elements of murder in the second degree, it was then to consider justification with respect to that charge and, if the defense had not been disproved by the People, it was to acquit and proceed to consideration of the lesser included offense of manslaughter in the first degree; if the jury found that the elements of manslaughter in the first degree had been established, it was then to consider justification with respect to that charge, and, if the defense had not been disproved, it was to acquit and consider the lesser included offense of manslaughter in the second degree; however, in the event that the People proved the elements of manslaughter in the second degree, it was not to consider the justification defense. There was no objection to this portion of the charge.

In the course of its deliberations, the jury requested certain further instructions. In delivering its supplemental charge, the court retracted a portion of its prior instructions and correctly instructed the jury that it could consider the defense of justification with respect to each of the three charges submitted, including the charge of manslaughter in the second degree (see, People v Huntley, 87 AD2d 488, affd 59 NY2d 868).

After further deliberations, the jury returned the following verdict: "We, the jury, have found the defendant guilty of manslaughter in the first degree, but justified as self-defense". The court then instructed the jury that a finding of justification was, in effect, a finding of not guilty, and that if the jury intended to acquit the defendant of manslaughter in the first degree, it should so indicate and then consider manslaughter in the second degree and the defense of justification with respect thereto. Defense counsel objected to this instruction, maintaining that an acquittal of manslaughter in the first degree by reason of justification should terminate the case and preclude consideration by the jury of the lesser included offense. Nevertheless, at the direction of the court, the jury resumed its deliberations, and thereafter requested a supple-

mental instruction on the elements of manslaughter in the second degree and the application of the justification defense to that crime. The court recognized that the jury had apparently acquitted the defendant of murder in the second degree and manslaughter in the first degree, and proceeded to redefine the crime of manslaughter in the second degree and to instruct the jury that if "the defendant was justified in his actions, then he is not guilty of any crime". Following further deliberation, the jury convicted the defendant of manslaughter in the second degree.

Clearly, the jury's initial verdict finding the defendant guilty of manslaughter in the first degree and, at the same time, finding the defendant's conduct to have been justified as self-defense, was not in accordance with the court's instructions and was otherwise legally defective. The court had correctly charged the jury that if it found that the People had failed to disprove justification, it was required to return a verdict of not guilty with respect to the charge under consideration. Thus, the court was bound to explain the defect and to direct the jury to resume its deliberation for the purpose of reconsidering and rendering a proper verdict (see, CPL 310.50 [2]).

However, reversal is required because of a fundamental defect in the manner in which the court submitted the case to the jury, both initially and following the defective verdict. The defense of justification "does not operate to excuse a criminal act, nor does it negate a particular element of a crime. Rather, by recognizing the use of force to be privileged under certain circumstances, it renders such conduct entirely lawful" (People v McManus, 67 NY2d 541, 546). Accordingly, although the court properly permitted the jury to consider justification with respect to each of the three counts submitted (see, People v Huntley, 87 AD2d 488, affd 59 NY2d 868, supra; People v Hoy, 122 AD2d 618), the jury should also have been instructed that a finding of not guilty by reason of justification as to any one of the counts would preclude a verdict of guilty as to its lesser included offenses. Stated otherwise, once the jury found the defendant not guilty of the greater offense on the basis of justification, it could not properly reach a contradictory finding that the defendant was guilty of a lesser charge despite its finding of justification (see, People v Hoy, supra, at 619). Thus, the jury should have been instructed at the outset that in the event it reached a verdict of not guilty by reason of justification as to any of the offenses submitted to it, it should simply render a verdict of acquittal and cease

deliberation, without regard to any remaining lesser included offenses. Moreover, when the jury rendered its defective verdict, by which it apparently convicted the defendant of manslaughter in the first degree despite a finding of justification, the court should have instructed the jury that in the event it had in fact found justification, it was required to acquit and to disregard the remaining charge of manslaughter in the second degree.

It is a matter of record in this case that the defendant was acquitted of murder in the second degree and manslaughter in the first degree, thereby precluding his retrial on those charges. The record is silent as to the basis for the jury's acquittal on the former charges and, although it might be inferred from the jury's initial verdict that its acquittal on the latter charge resulted from a finding of justification, it is evident that the jury was confused, and its intentions ambiguous, and we cannot say with certainty that the acquittal of manslaughter in the first degree was based on a finding of justification so as to require acquittal on the charge of manslaughter in the second degree as well. Thus, we reverse the judgment and dismiss the indictment without prejudice to the People to re-present any appropriate charges to another Grand Jury (see, People v Beslanovics, 57 NY2d 726, supra). However, the highest offense for which the defendant may now be indicted and tried is manslaughter in the second degree (see, People v Hoy, 122 AD2d 618, supra).

In view of our determination, we need not address the remaining contentions of the parties. Bracken, J. P., Brown, Rubin and Spatt, JJ., concur.