■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC BRACETTY, Appellant. [628 NYS2d 739] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Wade, J.), rendered April 30, 1993, convicting him of criminally negligent homicide and leaving the scene of an incident without reporting, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, that count of the indictment charging the defendant with manslaughter in the second degree is dismissed, without prejudice to the People to re-present any appropriate charges to another Grand

Jury *(see, People v Beslanovics,* 57 NY2d 726), and a new trial is ordered with respect to that count of the indictment charging the defendant with leaving the scene of an incident without reporting.

We agree with the defendant that a new trial is necessary because the court improperly denied his challenge for cause to a prospective juror. During voir dire, the prospective juror repeatedly indicated to the court that he expected the defendant "to say something in his defense". Even after the court made further inquiry, the prospective juror continued to provide equivocal responses and could not assure the court that the defendant's potential failure to testify would not affect his deliberations. When the defendant's challenge for cause was rejected, he exercised a peremptory challenge to strike the prospective juror and subsequently exhausted his remaining peremptory challenges. Under these circumstances, we find that the Supreme Court erred in rejecting the challenge for cause, inasmuch as the uncertain nature of the prospective juror's responses suggested that he would likely be unable to render an impartial verdict based upon the evidence *(see,* CPL 270.20 [1] [b]; *People v Blyden,* 55 NY2d 73; *People v Brown,* 111 AD2d 248; *People v Moorer,* 77 AD2d 575).

Although we need not reach the question of the propriety of the trial court's justification charge, we note in any event that an error in that instruction provides an additional ground for reversing the defendant's conviction for criminally negligent homicide. The court failed to instruct the jury that a finding of not guilty by reason of justification *(see,* Penal Law § 35.05 [2]) on the count of manslaughter in the second degree would preclude a verdict of guilty with regard to the lesser-included offense of criminally negligent homicide, and that the jurors were only to consider the lesser offense if they found the defendant not guilty of the greater offense for a reason other than justification *(see, People v Higgins,* 188 AD2d 839; *People v Albergo,* 181 AD2d 683; *People v Castro,* 131 AD2d 771; *see also, People v Miller,* 146 Misc 2d 16). However, this error would not require reversal of the defendant's conviction of leaving the scene of an incident without reporting. That count was not a lesser-included offense of manslaughter and was premised on different facts which occurred subsequent to the collision *(see generally, People v Baghai-Kermani,* 84 NY2d 525).

The defendant's contention regarding the court's reasonable doubt charge is unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Bynum,* 70 NY2d 858) and, in any event, lacks merit *(see, People v Antommarchi,* 80 NY2d 247).

Finally, upon retrial, any justification charge pursuant to Penal Law § 35.05 (2) should be premised solely on the objective standard *(see, People v Maher,* 79 NY2d 978; *People v Craig,* 78 NY2d 616). Sullivan, J. P., O'Brien, Thompson and Hart, JJ., concur.