■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FLOYD ROBERTS, Appellant. [721 NYS2d 49] —Judgment, Supreme

Court, New York County (Felice Shea, J.), rendered September 8, 1997, convicting defendant, after a jury trial, of manslaughter in the first degree, and sentencing him, as a second felony offender, to a term of 6 to 12 years, unanimously reversed, on the law, and the indictment dismissed, with leave to re-present any appropriate counts to another Grand Jury.

Defendant Floyd Roberts was indicted for the crime of murder in the second degree, in connection with the fatal stabbing of Neville Samuels.

At defendant's trial, the court submitted four charges to the jury: (1) intentional murder in the second degree; (2) depraved indifference murder in the second degree; (3) manslaughter in the first degree; and (4) manslaughter in the second degree. The court also instructed the jury on justification. The jurors were instructed that a unanimous guilty verdict on a greater charge precluded the consideration of any lesser charges (e.g., a guilty verdict of intentional murder in the second degree would end deliberations). Although the court instructed the jurors that justification was a defense to all of the counts, it did not instruct them that if they were to find defendant not guilty by reason of justification on a count, they were not to consider any lesser crimes. The jury found the defendant guilty of manslaughter in the first degree.

We agree with defendant's argument that the trial court erred in failing to instruct the jurors that a finding of not guilty of a greater charge on the basis of justification precluded consideration of any lesser counts (see, People v Castro, 131 AD2d 771, 773 ["(A)lthough the court properly permitted the jury to consider justification with respect to each of three counts submitted (murder, second degree, and manslaughter in the first and second degrees) * * * the jury should also have been instructed that a finding of not guilty by reason of justification as to any one of the counts would preclude a verdict of guilty as to its lesser included offenses" (citations omitted)]; see also, People v Higgins, 188 AD2d 839, 840-841, lv denied 81 NY2d 972).

As there is no way of knowing whether the acquittal of the two murder counts was based on a finding of justification, so as to require acquittal on the two manslaughter counts as well, the judgment must be reversed, and the indictment dismissed, without prejudice to the People to re-present any appropriate charges to another Grand Jury (see, People v Mayo, 48 NY2d 245). The highest offense for which defendant may be re-indicted, however, is manslaughter in the first degree (see, People v Cruz, 126 AD2d 495; Castro, 131 AD2d, supra, at

774). Concur—Rosenberger, J. P., Tom, Mazzarelli, Ellerin and Wallach, JJ.