■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THERESA HERVEY, Appellant. [723 NYS2d 881] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Starkey, J.), rendered September 21, 1999, as amended October 1, 1999, convicting her of assault in the second degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment, as amended, is affirmed.

The defendant's challenge to the sufficiency of the evidence is unpreserved for appellate review (*see,* CPL 470.05 [2]; *People v Udzinski,* 146 AD2d 245, 250). In any event, viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]). The defendant did not dispute that she struck the complainant with a butcher knife,

causing severe injury to his left arm. The only issue was whether the defendant acted with legal justification. The defendant contends that the testimony of the complainant was unworthy of belief. However, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see, People v Hunt,* 177 AD2d 649). Its determination should be afforded great weight on appeal and should not be disturbed unless it is unsupported by the record (*see, People v Martinez,* 210 AD2d 508). We discern no basis to disturb the jury's resolution of the credibility issue and its rejection of the defendant's justification defense.

The defendant's claim that the trial court erred in its charge on justification is unpreserved for appellate review. In any event, we find that the charge was proper.

The defendant's remaining contentions are without merit. Krausman, J. P., H. Miller, Schmidt and Crane, JJ., concur.