■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHEINA M. ROSS, Appellant. [767 NYS2d 819]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lewis, J.), rendered November 14, 2001, convicting her of assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and the indictment is dismissed, without prejudice to the People to re-present any appropriate charges to another grand jury (*see People v Beslanovics,* 57 NY2d 726 [1982]); and it is further,

Ordered that upon service upon him or her of a copy of this decision and order, the official having custody of the defendant's person is directed to produce her, forthwith, before the Supreme Court, Queens County, at which time that court shall issue a securing order pursuant to CPL 470.45, either releasing the defendant on her own recognizance or fixing bail or committing her to the custody of the New York City Department of Correctional Services pending resubmission of the case to the grand jury and the grand jury's disposition thereof (*cf.* CPL 210.45 [9]). Such securing order shall remain in effect until the first to occur of any of the following: (a) a statement to the court by the People that they do not intend to resubmit the case to a grand jury, (b) arraignment of the defendant upon an indictment filed as a result of resubmission of the case to a grand jury, (c) the filing with the court of a grand jury dismissal of the case following resubmission thereof, or (d) the expiration of a period of 45 days from the date of this decision and order, provided that such period may, for good cause shown, be extended by the Supreme Court, Queens County, to a designated subsequent date if such be necessary to accord the People a reasonable opportunity to resubmit the case to a grand jury.

At the defendant's trial, the court submitted the charges of attempted murder in the second degree, assault in the first degree, the lesser-included offense of assault in the second

degree, and criminal possession of a weapon in the fourth degree. The court also instructed the jury on justification. Although the court instructed the jurors that justification was a defense to all the assaultive counts, it did not instruct them that if they found the defendant not guilty by reason of justification on the top counts, they were not to consider the lesser-included crime. The jury found the defendant not guilty of attempted murder in the second degree, assault in the first degree, and criminal possession of a weapon in the fourth degree, but found her guilty of assault in the second degree.

We agree with the defendant's contention that the trial court "erred in failing to instruct the jurors that a finding of not guilty of a greater charge on the basis of justification precluded consideration of any lesser counts" (*People v Roberts,* 280 AD2d 415, 416 [2001]; *see People v Castro,* 131 AD2d 771, 773 [1987]; *People v Bracetty,* 216 AD2d 479 [1995]; *People v Higgins,* 188 AD2d 839, 840-841 [1992]). This was reversible error (*see People v McManus,* 67 NY2d 541, 543 [1986]; *People v Torre,* 42 NY2d 1036, 1037 [1977]).

Since there is no way of knowing whether the acquittal on the top counts was based on a finding of justification, so as to require acquittal on the lesser-included offense as well, a new trial is necessary. Accordingly, we dismiss the indictment, without prejudice to the People to re-present any appropriate charges to another grand jury (*see People v Beslanovics, supra; People v Roberts, supra; People v Castro, supra* at 774). The highest offense for which the defendant may be reindicted, however, is assault in the second degree, and she cannot be charged with criminal possession of a weapon in the fourth degree (*see People v Roberts, supra; People v Castro; see also People v Gonzalez,* 61 NY2d 633, 634 [1983]).

In light of our determination, we need not reach the defendant's remaining contention. S. Miller, J.P., Goldstein, Adams and Crane, JJ., concur.