■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DREW FEUER, Appellant. [782 NYS2d 858]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lott, J.), rendered July 13, 2000, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, and a new trial is ordered.

The defendant was charged with murder in the second degree (two counts), manslaughter in the first degree, and manslaughter in the second degree. At the defendant's trial, the trial court

submitted these charges to the jury. The trial court then instructed the jury on the defense of justification. Although the trial court instructed the jurors that justification was a defense to all of the counts, it did not instruct them that if they found the defendant not guilty by reason of justification as to a greater count, they were not to consider any lesser counts. The jury found the defendant not guilty of murder in the second degree on both intentional and depraved indifference theories, but found him guilty of manslaughter in the first degree.

The defendant failed to preserve for appellate review his objection to the trial court's charge regarding justification. However, under the facts of this case, we are compelled to reach his claim in the exercise of our interest of justice jurisdiction (*see* CPL 470.15 [6] [a]). "The court will not exercise its discretionary power to disregard the absence of objection unless on the whole case there is a reasonable basis for the fear that injustice has been done" (*People v Semione*, 235 NY 44, 46 [1923]). We are satisfied that justice requires a new trial.

In this case, the justification defense was a critical component of the trial. We note that the defendant was 5' 5" tall and weighed 135 pounds. The victim, on the other hand, was 6' 4" tall and weighed 180 pounds. The incident occurred during a late night function that was held at an establishment called the Brooklyn Brewery. Testimony was adduced that the victim jumped on the defendant and started hitting him. According to certain witnesses, while the defendant was laying on the ground, the victim positioned himself on top of the defendant, repeatedly hitting and kicking the defendant in the face and head. The defendant testified that he believed that the victim wanted to "crack" his head open and kill him. The defendant feared that he was going to lose consciousness as a result of having his head "smashed" on the cement floor. At this point, the defendant retrieved a "Leatherman" tool from his back pocket and stabbed the victim with the tool, which was used by the defendant in his employment as a seaman.

This Court has repeatedly held that the error committed by the trial court in failing to instruct the jurors that if they found the defendant not guilty of a greater charge on the basis of justification, they were not to consider any lesser counts, is of such nature and degree so as to constitute reversible error (*see People v Ross*, 2 AD3d 465 [2003]; *People v Roberts*, 280 AD2d 415, 416 [2001]; *People v Bracetty*, 216 AD2d 479, 480 [1995]; *People v Castro*, 131 AD2d 771, 773 [1987]). Our precedent in this regard is sound and ineluctable. The defense of justification "does not operate to excuse a criminal act, nor does it negate a

particular element of a crime. Rather, by recognizing the use of force to be privileged under certain circumstances, it renders such conduct entirely lawful" (*People v McManus*, 67 NY2d 541, 546 [1986]).

Contrary to the dissent's assertion that the jury rejected the defense of justification, the record is silent as to the basis for the jury's acquittal on the murder counts. Since we cannot say with any certainty and there is no way of knowing whether the acquittal on the murder counts was based on a finding of justification, a new trial is necessary. However, the defendant's acquittal of the murder counts precludes his retrial on those charges (*see People v Castro, supra* at 774). Thus, the highest offense for which the defendant may be retried is manslaughter in the first degree (*see People v Castro, supra*).

Moreover, the trial court erred in admitting a photograph of the victim and his girlfriend (*see People v Donohue*, 229 AD2d 396, 398 [1996]), and in improperly permitting the prosecution, during the cross-examination of the defendant, to ask him to demonstrate or re-enact the altercation with the victim. A trial court "must be alert to the danger that, when ill-designed or not properly relevant to the point at issue, instead of being helpful [demonstrations] may serve but to mislead, confuse, divert or otherwise prejudice the purposes of the trial" (*People v Acevedo*, 40 NY2d 701, 704 [1976]). Here, the value of the demonstration was outweighed by its prejudice to the defendant. We note that the defense counsel objected to the admission of the victim's photograph and the demonstration by the defendant.

In light of the foregoing, we do not reach the defendant's remaining contentions. Luciano, Mastro and Rivera, JJ., concur.

Smith, J.P., dissents and votes to affirm the judgment, with the following memorandum, in which Adams, J., concurs: As the issue of the adequacy of the jury instructions on the issue of justification was not preserved for appellate review, I would affirm.

The trial court clearly and unequivocally instructed the jurors that if they found that the prosecution proved each and every element of "one or more of the counts" of the indictment beyond a reasonable doubt, then they were to consider the defense of justification, or self-defense. The trial court further instructed the jury that, if it found that the defendant acted justifiably, then he was "nevertheless not guilty of the crime or crimes" of which it initially found him to be guilty. At the end of the justification charge, the trial court stated that if the prosecution failed to disprove justification beyond a reasonable doubt "then you must find that the defendant acted in self-defense and thus

find him not guilty of the crime or crimes charged." While the defense attorney objected to certain other portions of the charge, there was no objection to the charge on justification. The jury requested that the charge on justification be repeated during deliberations, and the trial court did so. Again, there was no objection to the charge. After deliberating for some time, the jury found the defendant not guilty of both murder counts, but found him guilty of manslaughter in the first degree.

The defendant now comes before this Court and asks that the manslaughter conviction be overturned on the ground that the trial court did not specifically instruct the jury that, if it found that the defendant was justified as to any of the homicide counts of the indictment, then it must cease deliberating and return a verdict of not guilty. As the defendant did not object to the charge as given or request a supplemental instruction, his contention is unpreserved for appellate review (see CPL 470.05 [2]; *People v Henry*, 306 AD2d 539 [2003]; *People v Joseph*, 253 AD2d 529, 530 [1998]). There is no question that the preservation rule applies to jury instructions, including questions concerning the justification defense (see *People v Taylor*, 302 AD2d 480 [2003]; *People v Hervey*, 283 AD2d 439 [2001]). Therefore, issues regarding the jury instructions may only be considered in the interest of justice (see CPL 470.15 [3] [c], [6]), which is not appropriate in this case.

Initially, I note that the charge clearly conveyed to the jury that, if it found that the defendant acted with justification as to any or all of the charges in the indictment, then it had to find the defendant not guilty of that or those charges. By specifically and repeatedly noting that the justification charge applied to all of the homicide charges, the trial court gave the correct information to the jury. Therefore, the interest of justice is best served by accepting the verdict of the jury, which heard the evidence and the trial court's instructions, and rendered a verdict upon the facts and law as presented to it (see *People v Gray*, 86 NY2d 10 [1995]).

More importantly, the trial court was never presented with an opportunity to correct the error that the defendant now claims occurred. If the defendant raised this issue at the trial and asked for a supplemental instruction, the trial court could have clarified the situation and the jury would have then resumed its deliberations. However, there was no objection. Therefore, the trial court was unable to assess the necessity for such an instruction and to make any necessary corrections at a time which would have allowed the jury that heard the evidence to render a verdict thereon (see *People v Dekle*, 56 NY2d 835 [1982]).

Further, the defendant's attorney's failure to object may well have been a tactical decision to permit the jury to consider a lesser-included offense. Had the jury been instructed that, upon finding that the defendant acted with justification as to murder in the second degree, it must cease all deliberations and return a verdict of not guilty as to all homicide charges, the defense would have been in an "all or nothing" situation. The only possible verdicts, assuming that the jury found that the defense of justification applied, would have been guilty of murder in the second degree, or not guilty. By not objecting to the justification instructions, the defense attorney allowed the jury to consider the lesser offense of manslaughter in the first degree, of which the defendant was convicted. The majority's determination here presumes, without any basis in the record, that the failure to object was not a tactical decision on the part of the defendant's attorney.

I am not able to look into the mind of the trial attorney and say whether the failure to object was an oversight, or a tactical decision to afford the jury an opportunity to consider a lesser charge to which it might not otherwise have had access. To avoid this problem, the appellate courts have developed the preservation rule, which presumes that all relevant objections were made, and if no objection was made there is a reason that the defense attorney did not object (*see People v Udzinski*, 146 AD2d 245 [1989]). In those situations in which the attorney enters a specific objection on the record, of course, the conviction must be overturned (*see People v Ross*, 2 AD3d 465 [2003]; *People v Bracetty*, 216 AD2d 479 [1995]; *People v Castro*, 131 AD2d 771 [1987]). The cited cases presented situations in which the attorneys undeniably intended that the justification defense be the all or nothing of the case, and it was appropriate to assure that the jury was so instructed. However, in a situation where there was a valid tactical reason to decline to object to the jury instruction, the interest of justice mandates that we follow the established rule and affirm the conviction.

Finally, and most importantly, the jury rejected the defense of justification. By convicting the defendant of manslaughter in the first degree, after being instructed several times that the defense of justification applied to all of the homicide counts of the indictment, the jury indicated that the defendant did not act with justification. Therefore, the instructions on the issue of justification have been rendered academic.

The defendant's remaining contentions are without merit.

Therefore, the judgment should be affirmed.