■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS BARNES, Appellant. [826 NYS2d 28]—

Judgments, Supreme Court, New York County (Gregory Carro, J.), rendered January 14, 2005, convicting defendant, after a jury trial, of assault in the second degree, and, upon his plea of guilty, of assault in the second degree, and sentencing him, as a second violent felony offender, to concurrent terms of seven years, unanimously affirmed.

There was ample evidence establishing that the victim sustained, at the very least, physical injury (*see* Penal Law § 10.00 [9]; *People v Guidice*, 83 NY2d 630, 636 [1994]), and we reject defendant's argument that the verdict was against the weight of the evidence with respect to that element. There is no basis for disturbing the jury's determinations concerning the credibility of the victim's description of his injury. During a violent courtroom struggle, defendant injured a court officer's hand, causing substantial pain. The injury resulted in immediate medical attention, as well as long term care by means of splints, ace bandages and medication. At the time of the trial, the injury had not healed and surgery was anticipated. Moreover, as of the time of the trial, the officer had been unable to return to work for nearly a year, which was a determination made not by him, but by his employer.

Defendant claims that his attorney provided ineffective assistance by failing to request submission of obstructing governmental administration in the second degree (Penal Law § 195.05) as a lesser included offense of second-degree assault under Penal Law § 120.05 (3), and by accepting the court's suggestion that it charge the jury to draw no adverse inference from defendant's status of being incarcerated during trial. These claims, however,

are not reviewable on direct appeal because their resolution involves matters outside the record (*see People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Love*, 57 NY2d 998 [1982]).

Defendant's generalized objections failed to preserve his present challenges to certain evidence (*see e.g. People v Harris*, 98 NY2d 452, 492 [2002]; *People v Gonzalez*, 55 NY2d 720 [1981]), and we decline to review them in the interest of justice. Were we to review these claims, we would find any error to be harmless. Concur—Andrias, J.P., Saxe, Nardelli, Sweeny and McGuire, JJ.