■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JASON BRAITHWAITE, Appellant. [60 NYS3d 403]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Tomei, J.), rendered June 29, 2015, convicting him of assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

The defendant slashed the complainant multiple times across the chest and neck with a "Karambit" knife during a physical altercation on a Brooklyn street. He was charged with, inter alia, assault in the first degree, attempted assault in the first degree, and assault in the second degree. At trial, the defendant asserted a justification defense. The jury acquitted the defendant of assault in the first degree and attempted assault in the first degree, but found him guilty of assault in the second degree. The defendant appeals.

"This Court has held that, in a case involving a claim of self-defense, it is error for the trial court not to instruct the jurors that, if they find the defendant not guilty of a greater charge on the basis of justification, they were not to consider any lesser counts" (*People v Palmer*, 34 AD3d 701, 703 [2006]; *see People v Colasuonno*, 135 AD3d 418 [2016]; *People v Velez*, 131 AD3d

129 [2015]; *People v Castro*, 131 AD2d 771 [1987]). Such failure constitutes reversible error (*see People v Ross*, 2 AD3d 465, 466 [2003]). "Our precedent in this regard is sound and ineluctable. The defense of justification 'does not operate to excuse a criminal act, nor does it negate a particular element of a crime. Rather, by recognizing the use of force to be privileged under certain circumstances, it renders such conduct entirely lawful' " (*People v Feuer*, 11 AD3d 633, 634-635 [2004], quoting *People v McManus*, 67 NY2d 541, 546 [1986]).

Here, the Supreme Court properly instructed the jury to consider justification with respect to each of the three counts submitted to the jury and that it must find the defendant not guilty on all counts if it found that the People had failed to disprove the defendant's justification defense. However, when instructing the jury on the verdict sheet, the court did not instruct that, if the jury found the defendant not guilty of a greater charge on the basis of justification, it was not to consider any lesser count, and the verdict sheet was inconsistent with that principle (*see People v Colasuonno*, 135 AD3d 418 [2016]; *People v Velez*, 131 AD3d 129 [2015]; *People v Palmer*, 34 AD3d 701 [2006]; *People v Castro*, 131 AD2d 771 [1987]). In particular, the verdict sheet, which made no reference to justification, instructed the jury that, if it found the defendant not guilty on count one or count two, the jury must "deliberate next on" the following count. Similarly, in explaining the verdict sheet, the court instructed the jury, if the verdict on count one or count two was not guilty, to "go on" and to "deliberate" on the next count, without explaining that they should not deliberate on any lesser-included count if the jury found the defendant not guilty based upon the People's failure to disprove the defense of justification. Thus, the court's instructions, together with the verdict sheet, may have led the jurors to conclude that deliberation on each crime required reconsideration of the justification defense, even if they had already acquitted the defendant of the previous count based on justification. Accordingly, the judgment of conviction must be reversed, and a new trial ordered (*see People v Colasuonno*, 135 AD3d 418 [2016]; *People v Velez*, 131 AD3d 129 [2015]; *People v Roberts*, 280 AD2d 415 [2001]; *People v Castro*, 131 AD2d 771 [1987]; *cf. People v Campbell*, 160 AD2d 717 [1990]).

In light of our determination, we need not reach the defendant's remaining contentions. Austin, J.P., Hinds-Radix, Duffy and Connolly, JJ., concur.