People v Akbar (2019 NY Slip Op 00894)





People v Akbar


2019 NY Slip Op 00894


Decided on February 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
FRANCESCA E. CONNOLLY, JJ.


2015-08494
 (Ind. No. 3076/14)

[*1]The People of the State of New York, respondent,
v
Waheed Akbar, appellant.


Paul Skip Laisure, New York, NY (Meredith S. Holt of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Joseph N. Ferdenzi, and Kathryn E. Mullen of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Ira H. Margulis, J.), rendered August 26, 2015, convicting him of assault in the first degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, and a new trial is ordered.
The defendant slashed his roommate across the neck and stabbed him in the abdomen with a large kitchen knife during a physical altercation in their apartment. At the trial, the Supreme Court submitted to the jury the charges of attempted murder in the second degree, two counts of assault in the first degree and the lesser included offenses of assault in the second and third degrees, and criminal possession of a weapon in the fourth degree. The court also instructed the jury on the justification defense. The jury acquitted the defendant of attempted murder in the second degree and assault in the first degree with intent to disfigure, but found him guilty of assault in the first degree with intent to cause serious physical injury by means of a dangerous instrument. The defendant appeals.
The defendant contends that the People did not disprove his justification defense beyond a reasonable doubt. Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to disprove the defendant's justification defense beyond a reasonable doubt (see People v Flores, 165 AD3d 695; People v Simpson, 151 AD3d 762, 762; People v Landri, 104 AD3d 791, 791; People v Terrero, 31 AD3d 672, 672-673). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410). Upon reviewing the record here, we are satisfied that the jury's rejection of the defendant's justification defense and the verdict of guilt were not against the weight of the evidence (see People v Romero, 7 NY3d 633).
Nonetheless, we reverse the judgment because we find that the Supreme Court inadequately charged the jury regarding the defendant's justification defense.
" This Court has held that, in a case involving a claim of self-defense, it is error for the trial court not to instruct the jurors that, if they find the defendant not guilty of a greater charge on the basis of justification, they were not to consider any lesser counts'" (People v Braithwaite, 153 AD3d 929, 929, quoting People v Palmer, 34 AD3d 701, 703; see People v Castro, 131 AD2d 771). Such failure constitutes reversible error (see People v Ross, 2 AD3d 465, 466).
Here, neither the jury instructions nor the verdict sheet on the whole adequately conveyed the principle that, if the jury found the defendant not guilty of the greater charge of attempted murder in the second degree on the basis of justification, it was not to consider any lesser counts (see People v Colasuonno, 135 AD3d 418; People v Velez, 131 AD3d 129; People v Castro, 131 AD2d 771). On this record, it is impossible to discern whether acquittal of the top count of attempted murder in the second degree was based on the jurors' finding of justification so as to mandate acquittal on the five lesser counts (see People v Velez, 131 AD3d 129; People v Feuer, 11 AD3d 633; People v Roberts, 280 AD2d 415).
Consequently, the judgment of conviction must be reversed, and a new trial ordered. Since we are remitting the matter for a new trial, we note that the Supreme Court should have submitted the requested charges of assault in the third degree, i.e., recklessly causing physical injury (Penal Law § 120.00[2]), and assault in the third degree, i.e., causing physical injury with criminal negligence by means of a deadly weapon (Penal Law § 120.00[3]), as lesser included offenses of assault in the first degree (Penal Law § 120.10[1]; see People v Ryan, 55 AD3d 960, 964; People v Leonardo, 89 AD2d 214, 217, affd 60 NY2d 683). Viewing the evidence in the light most favorable to the defendant (see People v Rivera, 23 NY3d 112, 120-121), there was a reasonable view of the evidence that the defendant either was aware of and consciously disregarded a substantial and unjustifiable risk that physical injury would occur (see Penal Law §§ 120.00[2]; 15.05[3]), or that he failed to perceive a substantial and unjustifiable risk of physical injury caused by his use of a deadly weapon (see Penal Law §§ 120.00[3]; 15.05[4]), but that he did not intend to cause serious physical injury to the victim (see Penal Law §§ 120.10[1]; 15.05[1]).
In light of the foregoing determination, we need not reach the defendant's remaining contentions.
MASTRO, J.P., ROMAN, COHEN and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court