People v Rosario (2019 NY Slip Op 01432)





People v Rosario


2019 NY Slip Op 01432


Decided on February 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
JOSEPH J. MALTESE, JJ.


2015-12020
 (Ind. No. 10769/13)

[*1]The People of the State of New York, respondent,
v
Angel Rosario, appellant.


Paul Skip Laisure, New York, NY (Hannah Zhao of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Rhea A. Grob, and Sarah G. Pitts of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (William M. Harrington, J.), rendered October 30, 2015, convicting him of assault in the first degree and reckless endangerment in the first degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is reversed, as a matter of discretion in the interest of justice, and a new trial is ordered.
This case arises from an altercation between the defendant and his cousin inside a house. During the altercation, the defendant stabbed the cousin several times in the head, neck, and chest, and swung a knife at the cousin's 16-year-old daughter when she tried to intervene. At trial, the Supreme Court instructed the jury on justification with respect to the charges of attempted murder in the second degree, assault in the first degree, and reckless endangerment in the first degree. The jury found the defendant guilty of assault in the first degree and reckless endangerment in the first degree, but found the defendant not guilty of attempted murder in the second degree.
The defendant's contention that the evidence was legally insufficient to establish his guilt and to disprove his defense of justification beyond a reasonable doubt is unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492; People v Hang Bin Li, 154 AD3d 960, 961). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt of assault in the first degree and reckless endangerment in the first degree, and to disprove the justification defense, beyond a reasonable doubt (see Penal Law § 35.15[1]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the jury's rejection of the defendant's justification defense and the verdict of guilt were not against the weight of the evidence (see People v Romero, 7 NY3d 633).
Nevertheless, we agree with the defendant's contention that the Supreme Court's jury [*2]charge in conjunction with the verdict sheet failed to adequately convey to the jury that if it found the defendant not guilty of attempted murder in the second degree based on justification, then it should cease deliberations and acquit him of the lesser counts of assault in the first degree and reckless endangerment in the first degree. Although the defendant's contention is partially unpreserved for appellate review, we review the contention in the exercise of our interest of justice jurisdiction (see CPL 470.15[6][a]; People v Fletcher, 166 AD3d 796, 797; People v Velez, 131 AD3d 129, 133; People v Feuer, 11 AD3d 633, 634).
" This Court has held that, in a case involving a claim of self-defense, it is error for the trial court not to instruct the jurors that, if they find the defendant not guilty of a greater charge on the basis of justification, they were not to consider any lesser counts'" (People v Braithwaite, 153 AD3d 929, 929, quoting People v Palmer, 34 AD3d 701, 703; see People v Castro, 131 AD2d 771). Such failure constitutes reversible error (see People v Ross, 2 AD3d 465, 466). "Our precedent in this regard is sound and ineluctable. The defense of justification does not operate to excuse a criminal act, nor does it negate a particular element of a crime. Rather, by recognizing the use of force to be privileged under certain circumstances, it renders such conduct entirely lawful'" (People v Feuer, 11 AD3d at 634-635, quoting People v McManus, 67 NY2d 541, 546).
Here, the Supreme Court's jury charge in conjunction with the verdict sheet failed to adequately convey to the jury that if it found the defendant not guilty of attempted murder in the second degree based on justification, then "it should simply render a verdict of acquittal and cease deliberation, without regard to" assault in the first degree and reckless endangerment in the first degree (People v Castro, 131 AD2d at 773-774; see People v Braithwaite, 153 AD3d at 930). Thus, the court's instructions, together with the verdict sheet, may have led the jurors to conclude that deliberation on each of the three counts required reconsideration of the justification defense, even if they had already acquitted the defendant of attempted murder in the second degree based on justification (see People v Braithwaite, 153 AD3d at 930). Since we cannot say with any certainty and there is no way of knowing whether the acquittal on attempted murder in the second degree was based on a finding of justification, a new trial is necessary (see People v Feuer, 11 AD3d at 635). In light of the defendant's acquittal on the charge of attempted murder in the second degree, the highest offense for which the defendant may be retried is assault in the first degree (see id.).
In light of the foregoing, we need not address the defendant's remaining contention.
MASTRO, J.P., AUSTIN, MILLER and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court