People v Daniels (2019 NY Slip Op 05343)





People v Daniels


2019 NY Slip Op 05343


Decided on July 3, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 3, 2019

109319

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
EDWARD DANIELS, Also Known as MIDGET, Appellant.

Calendar Date: June 7, 2019

Before: Egan Jr., J.P., Lynch, Mulvey, Devine and Rumsey, JJ.


Carolyn B. George, Albany, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.



MEMORANDUM AND ORDER
Rumsey, J.
Appeals (1) from a judgment of the Supreme Court (Milano, J.), rendered March 9, 2017 in Schenectady County, upon a verdict convicting defendant of the crimes of attempted assault in the first degree and criminal possession of a weapon in the third degree, and (2) by permission, from an order of the County Court of Schenectady County (Sypniewski, J.), entered October 4, 2017, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.
Defendant was charged by indictment with attempted murder in the second degree, assault in the first degree, reckless endangerment in the first degree, criminal possession of a weapon in the third degree and leaving the scene of an incident without reporting based on allegations that he intentionally hit the victim with his vehicle following a bar fight. At trial, Supreme Court charged the jury on attempted assault in the first degree as a lesser included offense of assault in the first degree and instructed the jury on justification with respect to all of the charges, except for leaving the scene of an incident without reporting. Defendant was convicted of attempted assault in the first degree and criminal possession of a weapon in the third degree, but was acquitted of the remaining charges. Supreme Court sentenced defendant to two concurrent prison terms, the greatest of which was seven years, followed by five years of postrelease supervision. During the pendency of this appeal, defendant made a pro se motion to vacate the judgment of conviction pursuant to CPL 440.10 on the ground that he was denied the effective assistance of counsel. In an October 2017 order, County Court denied the motion without a hearing. Defendant now appeals from the judgment of conviction and, by permission, from the October 2017 order.
Defendant argues that his conviction for attempted assault in the first degree is not supported by legally sufficient evidence and is against the weight of the evidence. Initially, [*2]defendant failed to preserve his challenge to the legal sufficiency of the evidence given that his motion for a trial order of dismissal at the close of the People's proof was not "specifically directed at the error[s] being urged" on appeal (People v Hawkins, 11 NY3d 484, 492 [2008] [internal quotation marks and citations omitted]; see People v Werkheiser, 171 AD3d 1297, 1298 [2019])[FN1]. Nevertheless, we necessarily evaluate as part of our weight of the evidence review whether each element of attempted assault in the first degree was proven beyond a reasonable doubt (see People v Martinez, 166 AD3d 1292, 1293 [2018], lv denied 32 NY3d 1207 [2019]; People v Coleman, 151 AD3d 1385, 1386 [2017], lv denied 29 NY3d 1125 [2017]).
"When undertaking a weight of the evidence review, we must first determine whether, based on all the credible evidence, a different finding would not have been unreasonable and[, if not,] then weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony to determine if the verdict is supported by the weight of the evidence. When conducting this review, we consider the evidence in a neutral light and defer to the jury's credibility assessments" (People v Gill, 168 AD3d 1140, 1140 [2019] [internal quotation marks and citations omitted]). As relevant here, a conviction for attempted assault in the first degree requires proof that, "[w]ith intent to cause serious physical injury to another person," the defendant attempted to "cause such injury . . . by means of a deadly weapon" (Penal Law § 120.10 [1]; see Penal Law § 110.00).[FN2]
It is undisputed that defendant struck the victim with his vehicle. Defendant testified at trial that, subsequent to a physical altercation with the victim at a bar, he was driving his vehicle when he saw the victim holding a revolver, pointing it at the ground and "jogging" toward him. Defendant stated that, in response, he "hit the gas" and "ducked [his] head." He further stated that he "felt the car jump on the curb" and "remember[ed] slamming on the brakes." Defendant testified that, when he came to a stop, he looked up and saw the victim running at "full speed." When asked whether he stopped to see whether the victim was okay, defendant replied that he "took off," explaining that the victim "had a gun when [he] hit [the victim]" and he was "scared." Defendant also stated that at no time was he trying to hit the victim with his vehicle.
The victim described a different version of events. The victim testified that, when he was walking to his vehicle following the bar fight, he heard a car skid and saw a vehicle coming around the corner. The victim further testified that the vehicle "jumped" the sidewalk and that he "immediately" knew that it was defendant and thought that defendant was going to kill him. He stated that he attempted to run to the back porch of a nearby house but that, before he reached the porch, defendant "ran [him] over with the car." According to the victim, he woke up on the ground and saw defendant's vehicle next to him, which was pulling off the curb and heading down the street in the same direction from which defendant had initially come. The victim testified that he was "bleeding all over the place" and felt like he "would die at any second." When asked whether he had a gun on his person, or in his vehicle, when he went to the bar, the victim replied in the negative.
A different verdict would not have been unreasonable in light of defendant's testimony that he did not intend to hit the victim with his vehicle. However, viewing the evidence in a neutral light and according deference to the jury's credibility determinations, we conclude that the verdict convicting defendant of attempted assault in the first degree is supported by the weight of the evidence (see People v Rawlinson, 170 AD3d 1425, 1428 [2019]; People v Marshall, 162 AD3d 1110, 1112 [2018], lv denied 31 NY3d 1150 [2018]).
However, we find merit in defendant's assertion that Supreme Court inadequately charged the jury regarding his justification defense. Although — as conceded by defendant — this issue is not preserved, we exercise our interest of justice jurisdiction to take corrective action and reverse the judgment of conviction (see CPL 470.15 [6] [a]; People v Velez, 131 AD3d 129, 133 [2015]; People v Feuer, 11 AD3d 633, 635 [2004]). "[I]n a case involving a claim of self-defense, it is error for the trial court not to instruct the [jury] that, if [it finds] the defendant not guilty of a greater charge on the basis of justification, [it is] not to consider any lesser counts" (People v Akbar, 169 AD3d 708, 709-710 [2019] [internal quotation marks and citations omitted]; see People v Braithwaite, 153 AD3d 929, 929 [2017], lv denied 30 NY3d 1103 [2018]; People v Velez, 131 AD3d at 133; see generally People v Castro, 131 AD2d 771, 772-773 [1987]). Such failure constitutes reversible error (see People v Hop Wah, 171 AD3d 574, 575 [2019]; People v Braithwaite, 153 AD3d at 930; People v Ross, 2 AD3d 465, 466 [2003], lv denied 2 NY3d 745 [2004]).
Here, Supreme Court properly instructed the jury to consider justification with respect to attempted murder in the second degree, assault in the first degree, attempted assault in the first degree, reckless endangerment in the first degree and criminal possession of a weapon in the first degree. However, the court's instructions, together with the verdict sheet, failed to adequately convey to the jury that, if it found defendant not guilty of attempted murder in the second degree based on justification, it was not to consider the lesser counts to which the justification defense applied (see People v Velez, 131 AD3d at 133; People v Feuer, 11 AD3d at 635). This failure may have led the jury to conclude that deliberation on each of the five counts required reconsideration of the justification defense, even if it had already acquitted defendant of attempted murder in the second degree based on justification (see People v Rosario, 169 AD3d 1066, 1067 [2019]; People v Braithwaite, 153 AD3d at 930; People v Velez, 131 AD3d at 133). Although the jury "may have acquitted on the top charges without relying on defendant's justification defense, it is nevertheless impossible to discern whether acquittal on the top count[s] was based on the [jury's] finding of justification so as to mandate acquittal on the . . . lesser counts" to which justification also applied (People v Breckenridge, 162 AD3d 425, 426 [2018] [internal quotation marks, ellipsis and citation omitted], appeal dismissed 32 NY3d 1072 [2018], lv denied 32 NY3d 1169 [2019]). Accordingly, a new trial is necessary (see People v Rosario, 169 AD3d 1066, 1068 [2019]; People v Velez, 131 AD3d at 134; People v Feuer, 11 AD3d at 635).
Defendant's remaining arguments on his appeal from the judgment of conviction, as well as his appeal from the order denying his CPL article 440 motion, have been rendered academic by our decision.
Egan Jr., J.P., Lynch, Mulvey and Devine, JJ., concur.
ORDERED that the judgment is reversed, as a matter of discretion in the interest of justice, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.
ORDERED that the appeal from the order is dismissed, as academic.



Footnotes

Footnote 1: Defendant also failed to renew the motion to dismiss at the close of his proof (see People v Kolupa, 13 NY3d 786, 787 [2009]).

Footnote 2: Contrary to defendant's assertion, the People need not prove that the victim sustained a serious physical injury to support a conviction for attempted assault in the first degree (see People v Marshall, 162 AD3d 1110, 1114 [2018], lv denied 31 NY3d 1150 [2018]; People v Alvarez, 38 AD3d 930, 934-935 [2007], lv denied 8 NY3d 981 [2007]).