People v Gunther (2020 NY Slip Op 01638)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

People v Gunther

2020 NY Slip Op 01638

Decided on March 11, 2020

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 11, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department
ALAN D. SCHEINKMAN, P.J.
COLLEEN D. DUFFY
BETSY BARROS
PAUL WOOTEN, JJ.


2016-06895
(Ind. No. 1964/15)

[*1]The People of the State of New York, respondent,
vDonald G. Gunther, appellant.

Paul Skip Laisure, New York, NY (Sean Nuttall of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Ellen C. Abbot, and Kathryn A. A. O'Neill of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Charles S. Lopresto, J.), rendered May 25, 2016, convicting him of obstructing governmental administration in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is reversed, as a matter of discretion in the interest of justice, count three of the indictment, charging obstructing governmental administration in the second degree, is dismissed, and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent with CPL 160.50.
The defendant, who had absconded from parole and who knew that there was a valid warrant for his arrest outstanding, was charged, inter alia, with two counts of assault in the second degree (one for each of two parole officers) and one count of obstructing governmental administration in the second degree. The charges stemmed from the defendant's reaction to efforts by parole officers on August 7, 2015, to effectuate his arrest. The defendant was observed in a shopping mall by a parole officer who called for backup. Additional parole officers arrived and entered a store where the defendant was present, and a struggle ensued between the officers and the defendant. At trial, the defendant asserted a justification defense. The jury acquitted the defendant of both counts of assault in the second degree and convicted him of obstructing governmental administration in the second degree.
On appeal, the defendant contends, among other things, that the Supreme Court's jury charge in conjunction with the verdict sheet failed to adequately convey to the jury that if it found the defendant not guilty of assault in the second degree based on justification, then it should cease deliberations and acquit him of the lesser count of obstructing governmental administration in the second degree. Although this contention is unpreserved for appellate review, we will nonetheless review it in the exercise of our interest of justice jurisdiction, as we conclude, on the whole case, there is a reasonable basis to fear that injustice has been done (see CPL 470.15[6][a]; People v Rosario, 169 AD3d 1066, 1067; People v Fletcher, 166 AD3d 796, 797; People v Feuer, 11 AD3d 633, 634).
We have repeatedly held that in a case involving a claim of self-defense, the trial [*2]court is required to instruct the jury that a finding of not guilty of a greater charge on the basis of justification precludes a verdict of guilty on lesser included offenses and, therefore, the jury is not to consider any lesser counts (see People v Smith, 174 AD3d 928; People v Braithwaite, 153 AD3d 929; People v Feuer, 11 AD3d 633). The jury is to be instructed that upon finding the defendant not guilty of a greater charge, it should render a verdict of acquittal and cease deliberation (see People v Smith, 174 AD3d at 928; People v Castro, 131 AD2d 771).
Obstructing governmental administration in the second degree is a lesser included offense of assault in the second degree under subdivision (3) of Penal Law § 120.05 (see Penal Law §§ 120.05[3]; 195.05; People v Nisselbeck, 85 AD3d 1206, 1208; People v Sullivan, 284 AD2d 917; see also People v Barnes, 35 AD3d 170).
Here, the Supreme Court instructed the jurors to consider justification as an element of each count submitted for their consideration. The court also instructed the jurors that they must find the defendant not guilty of all counts if they found that the People failed to disprove the defendant's justification defense. However, the verdict sheet did not mention justification, and the court did not instruct the jurors that if they were to find the defendant not guilty of the greater counts of assault in the second degree on the basis of justification, they were not to consider the lesser count of obstructing governmental administration in the second degree. We cannot say with any certainty, and there is no way of knowing, whether the jurors acquitted the defendant of the greater counts on the ground of justification so as to mandate acquittal on the lesser count (see People v Smith, 174 AD3d at 929; People v Rosario, 169 AD3d at 1068; People v Akbar, 169 AD3d 709, 710; People v Fletcher, 166 AD3d at 798; People v Braithwaite, 153 AD3d at 930; People v Feuer, 11 AD3d at 635; People v Ross, 2 AD3d 465, 466).
The evidence at trial of lack of justification was not overwhelming (see People v Smith, 174 AD3d at 929; People v Feuer, 11 AD3d at 635; People v Castro, 131 AD2d at 774; cf. People v Palmer, 34 AD3d 701, 703-704). Although, ordinarily, a new trial would be ordered, since the defendant was acquitted of the assault in the second degree counts and the only remaining count of the indictment concerns the offense for which the defendant has already completed his sentence, dismissal of the count of the indictment charging obstructing governmental administration in the second degree, rather than a new trial on that count, is appropriate (see People v Flynn, 79 NY2d 879, 882; People v Simmons, 32 NY2d 250, 253; People v Morales, 108 AD3d 574, 576; People v Barreto, 70 AD3d 959, 959-960; People v Ross, 2 AD3d at 466).
In light of our determination, we need not reach the defendant's remaining contentions.
SCHEINKMAN, P.J., DUFFY, BARROS and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court