People v Savillo (2020 NY Slip Op 03928)





People v Savillo


2020 NY Slip Op 03928


Decided on July 15, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 15, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
HECTOR D. LASALLE
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2012-02073
 (Ind. No. 531/11)

[*1]The People of the State of New York, respondent,
v
Nichole Savillo, appellant.


Janet E. Sabel, New York, NY (David Crow and White & Case LLP [Kevin Adam, Lauri Kai, Rhys Bortignon, and David Hille], of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, William H. Branigan, and Katherine A. Triffon of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Ronald D. Hollie, J.), rendered April 26, 2012, convicting her of assault in the second degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, and the matter is remitted to the Supreme Court, Queens County, for a new trial before a different Justice.
This case arises from an altercation between two groups of young people. The people in one group repeatedly demanded the return of a cell phone from the people in the other group, which escalated into yelling, pushing, and shoving. The victim threatened to break the defendant's jaw and threw a punch. The defendant avoided getting hit, and slashed the victim with a knife. At trial, the Supreme Court instructed the jury on justification with respect to the charges of assault in the first degree and assault in the second degree. The jury found the defendant not guilty of assault in the first degree, but found her guilty of assault in the second degree and criminal possession of a weapon in the fourth degree.
We agree with the defendant's contention that the Supreme Court's jury charge failed
to adequately convey to the jury that if it found the defendant not guilty of assault in the first degree based on justification, then it should cease deliberations and acquit her of the lesser count of assault in the second degree. Although the defendant's contention is partially unpreserved for appellate review, we review the contention in the exercise of our interest of justice jurisdiction (see CPL 470.15[6][a]; People v Fletcher, 166 AD3d 796, 797; People v Velez, 131 AD3d 129, 133; People v Feuer, 11 AD3d 633, 634).
" This Court has held that, in a case involving a claim of self-defense, it is error for the trial court not to instruct the jurors that, if they find the defendant not guilty of a greater charge on the basis of justification, they were not to consider any lesser counts'" (People v Braithwaite, 153 AD3d 929, 929, quoting People v Palmer, 34 AD3d 701, 703; see People v Castro, 131 AD2d 771). Such failure constitutes reversible error (see People v Ross, 2 AD3d 465, 466). "Our precedent in [*2]this regard is sound and ineluctable. The defense of justification does not operate to excuse a criminal act, nor does it negate a particular element of a crime. Rather, by recognizing the use of force to be privileged under certain circumstances, it renders such conduct entirely lawful'" (People v Feuer, 11 AD3d at 634-635, quoting People v McManus, 67 NY2d 541, 546).
Here, the Supreme Court's jury charge failed to adequately convey to the jury that if it found the defendant not guilty of assault in the first degree based on justification, then "it should simply render a verdict of acquittal and cease deliberation, without regard to" assault in the second degree and criminal possession of a weapon in the fourth degree (People v Castro, 131 AD2d at 773-774; see People v Daniels, 174 AD3d 955, 958; People v Braithwaite, 153 AD3d at 930). Thus, the court's instructions may have led the jurors to conclude that deliberation on each of the two counts required reconsideration of the justification defense, even if they had already acquitted the defendant of assault in the first degree based on justification (see People v Braithwaite, 153 AD3d at 930). Because we cannot say with any certainty and there is no way of knowing whether the acquittal on assault in the first degree was based on a finding of justification, a new trial is necessary (see People v Feuer, 11 AD3d at 635). In light of the defendant's acquittal on the charge of assault in the first degree, the highest offense for which the defendant may be retried is assault in the second degree (see id.).
In this case, the new trial must be before a different Justice. At trial, the Supreme Court engaged in extensive questioning of witnesses, usurped the roles of the attorneys, elicited and assisted in developing facts damaging to the defense on direct examination of the People's witnesses, bolstered the witnesses' credibility, and generally created the impression that it was an advocate for the People (see People v Ramsey, 174 AD3d 651; People v Sookdeo, 164 AD3d 1268; People v Hinds, 160 AD3d 983; People v Robinson, 151 AD3d 758).
In light of the foregoing, we need not address the defendant's remaining contentions.
DILLON, J.P., LASALLE, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court