People v Martinez (2021 NY Slip Op 06193)





People v Martinez


2021 NY Slip Op 06193


Decided on November 10, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.


2017-06669
 (Ind. No. 2591/15)

[*1]The People of the State of New York, respondent,
v
Wilfridy . Martinez, appellant.


Patricia Pazner, New York, NY (Anna Jouravleva of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Ellen C. Abbot, and Eunice Villantoy of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Ronald Hollie, J.), rendered July 7, 2016, convicting him of attempted assault in the first degree, assault in the second degree, criminal possession of a weapon in the fourth degree, and harassment in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is reversed, as a matter of discretion in the interest of justice, and the matter is remitted to the Supreme Court, Queens County, for a new trial before a different Justice.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of attempted assault in the first degree beyond a reasonable doubt. Contrary to the defendant's contention, the evidence was legally sufficient to establish that the defendant intended to inflict a serious physical injury (see Penal Law §§ 10.00[10]; 110.00, 120.10[1]; People v Mosquera, 181 AD3d 723, 724; People v Dawson, 178 AD3d 719, 720). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt on the count of attempted assault in the first degree was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
However, there must be a new trial, before a different Justice. At trial, the Supreme Court engaged in extensive questioning of witnesses, usurped the roles of the attorneys, and generally created the impression that it was an advocate for the People (see People v Yut Wai Tom, 53 NY2d 44; People v Savillo, 185 AD3d 840; People v Ramsey, 174 AD3d 651; People v Sookdeo, 164 AD3d 1268; People v Robinson, 151 AD3d 758). Although defense counsel did not object to the court's conduct, based on the circumstances of this case, we reach this contention in the exercise of our interest of justice jurisdiction (see CPL 470.15[6][a]; People v Mitchell, 184 AD3d 875,875-876; People v Ramsey, 174 AD3d at 652).
In light of our determination, we need not address the defendant's remaining contention.
CHAMBERS, J.P., MILLER, GENOVESI and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court